THE COMRS. OF HIGHWAYS OF THE TOWN OF ASHMORE

*v.*

NELSON R. GREEN.

*Filed at Springfield June 13, 1895.*

1. BOUNDARIES—*mere acquiescence in location of fence not conclusive.* Mere acquiescence by adjoining land owners in the location of a fence, without any agreement to regard it as the true line, is not conclusive of their rights as to the boundary.

2. INJUNCTION—*does not lie to prevent a mere trespass.* An injunction against commissioners of highways to prevent trespass on land claimed by them to be included in a highway, will not be granted in the absence of any showing that they cannot respond in damages for any trespass they may commit.

3. SAME—*trespass not ground for, to prevent multiplicity of suits.* Injunction will not lie to restrain highway commissioners from trespassing upon land claimed as part of a highway, upon the ground that a multiplicity of suits will be thereby prevented.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

This was a bill in equity, brought by Nelson R. Green, against the commissioners of highways of the town of Ashmore, to enjoin them from tearing down a certain fence belonging to complainant and from entering upon his lands. It is alleged in the bill that Nelson R. Green is the owner of the following described real estate, situated in Coles county, Illinois : the south-east quarter of the south-west quarter of section 2, township 12, north, range 10, east of the third principal meridian; that B. F. Cutler is the owner of the tract immediately north of said tract; that the commissioners of highways purchased from Cutler the right of way for a highway across the south end of his land, but had not obtained the right to enter on the land of complainant; that in opening up said highway at that time they invaded the premises of complainant, and opened up the highway, in part, on his land; that complainant's land was leased for farming

purposes, and to protect the crops thereon he caused to be erected on his line on the west half of his forty-acre tract a post-and-wire fence; that afterwards the commissioners tore the fence down and destroyed the same; that recently complainant attempted to rebuild the fence on the same line, and the defendants tore down the same, and complainant avers, upon information and belief, that they will tear down and destroy all fences he may erect on the line, which is properly the south line of the highway.     It is also alleged that in opening the highway defendants destroyed thirty of complainant's trees, of the value of $30; that complainant has never been offered, nor has he received, any compensation for the lands attempted to be taken; that a multiplicity of suits will arise unless defendants are restrained.     The bill prays for an injunction, and that defendants may be restrained from tearing down and removing his fences, and for damages, etc.

The answer of defendants admits that B. F. Cutler and complainant are owners of adjoining land in the east half of the south-west quarter of section 2, Cutler's land lying north of the land of complainant; that Cutler released to them the right of way across his land immediately north of complainant's land, and that they caused said highway to be opened and worked and made ready for the use of the traveling public; deny that they invaded complainant's premises or opened said highway on any part of his land; deny that they caused the south line of said highway, at any place, to be located on his land, and deny that they caused to be destroyed any of his trees; aver they caused a survey to be made; that the center line of said survey was the center line of said highway, the same being laid out twenty feet in width on each side of said center line; that the center line of said highway was twenty feet north of an old fence between the lands of complainant and Cutler, which was then standing and had been for many years previous,

being all that time used and acknowledged by complainant and Cutler as a division fence and a partition line between them. It is also set up that after the highway was opened and used by the public, the complainant, pretending that the old fence did not stand on the line, erected his fences in the highway; that defendants, in the performance of their official duties, caused the fence to be removed, and when complainant began to rebuild they again caused it to be removed. Defendants aver that the complainant has a complete and adequate remedy at law.

F. K. DUNN, and J. H. MARSHALL, for plaintiffs in error:

Equity will not interfere, by injunction, to prevent a mere trespass, except to prevent irreparable injury or to prevent a multiplicity of suits. *Thornton* v. *Roll*, 118 Ill. 350; *Owens* v. *Crossett*, 105 id. 354; *Chicago* v. *Wright*, 69 id. 318; *Toof* v. *Decatur*, 19 Ill. App. 204; *Davis* v. *Hinton*, 29 id. 328; *Stock Exchange* v. *McClaughry*, 148 Ill. 372.

Before equity will assume jurisdiction in order to prevent a multiplicity of suits between the same parties, complainant's rights must be first established at law. *Poyer* v. *DesPlaines*, 123 Ill. 111; *Pratt* v. *Kendig*, 128 id. 293; *Stock Exchange* v. *McClaughry*, 148 id. 372; 1 High on Injunctions, sec. 700.

Where adequate relief may be had in the usual procedure at law, equity will not interfere by injunction. *Stock Exchange* v. *McClaughry*, 148 Ill. 372; *Goodell* v. *Lassen*, 69 id. 145; *Wells* v. *Lanning*, 88 id. 174; 1 High on Injunctions, sec. 699.

An injunction will not be granted to restore complainant to his rights which have been invaded. *Wangelin* v. *Goe*, 50 Ill. 459; *Hamilton* v. *Stewart*, 59 id. 330; *Railway Co.* v. *Taylor*, 134 id. 603; *Fisher* v. *Board of Trade*, 80 id. 85; *Baxter* v. *Board of Trade*, 83 id. 146; *Herrington* v. *Herrington*, 11 Ill. App. 121.

WILEY & NEAL, for defendant in error :

A court of equity has jurisdiction to interpose, by injunction, where public officers, under a claim of right, are proceeding to illegally impair the rights or injure the property of individuals, or where it is necessary to prevent a multiplicity of suits. *Smith* v. *Bangs,* 15 Ill. 400 ; *Hickey* v. *Railroad Co.* 6 Ill. App. 172 ; *McIntyre* v. *Storey,* 80 Ill. 127 ; *Willet* v. *Woodhaus,* 1 Ill. App. 411 ; *Frizell* v. *Rogers,* 82 Ill. 109 ; *Breese* v. *Poole,* 16 Ill. App. 551.

The important question at issue in this case is as to the existence of a public highway upon the *locus in quo,* and upon this question the burden of proof was upon plaintiffs in error. *McIntyre* v. *Storey,* 80 Ill. 129; *Breese* v. *Poole,* 16 Ill. App. 551.

Where a corporation is about to do an irreparable injury, the act, though a trespass in its nature, being a continuous one, will warrant the interposition of equity. High on Injunctions, (1st ed.) sec. 764; *Cooper* v. *Williams,* 4 Ohio, 253 ; *Ryan* v. *Brown,* 18 Mich. 212.

Appellee had a right to take possession of his own. *Hoots* v. *Graham,* 23 Ill. 81; *Ostatag* v. *Taylor,* 44 Ill. App. 469 ; *Frazier* v. *Caruthers,* id. 61; *Eichengreen* v. *Appel,* id. 19; *Brooke* v. *O'Boyle,* 27 id. 384; *Fort Dearborn Lodge* v. *Klein,* 115 Ill. 177; *Lee* v. *Mound Station,* 118 id. 304.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court :

There is no substantial controversy in this case in regard to the facts. Complainant owned the south half of the east half of the south-west quarter of section 2, township 12, north, range 10, east of the third principal meridian, and B. F. Cutler owned the north half of the eighty-acre tract. The commissioners of highways purchased of Cutler forty feet off the south side of his forty-acre tract for a highway, and a highway was laid out on the land purchased. The surveyor employed to survey the road made a report, in writing, to the commissioners,

showing that he commenced the survey for the line of the road twenty feet north of the north-west corner of the south-west quarter of the south-east quarter of section 3, thence running east, etc., and the order of the commissioners laying out the road conforms to the survey, and in express terms declares the line of the survey to be the center of the road. But while the road was located on the forty feet of land purchased of Cutler, as appears from the evidence, when the commissioners opened the road they passed over the line and opened it on the land of complainant. After the road was opened, Dickinson, a county surveyor, employed to establish the line between the two forty-acre tracts, surveyed and established the line, and from this survey, which is not disputed by any one, it appears that the highway was opened and worked south of the line. It also appears, from the evidence of the surveyor, that the fence erected by complainant, which was torn down by the commissioners, was on complainant's land, south of the line between the two forty-acre tracts. It also appears, from the evidence, that several years before the highway was laid out an old fence had been built between the two forty-acre tracts. This fence was not, however, on the line, but it stood over on complainant's land.

Where adjoining land owners agree upon a boundary line, and enter into possession and improve their lands according to the line thus agreed upon, they will be concluded from afterwards claiming that the line agreed upon is not the true one. (*McNamara* v. *Seaton*, 82 Ill. 498.) But that rule has no application here, as the evidence fails to show that the two land owners ever agreed upon the old fence as the true line between the two tracts of land.

But it is contended, in the argument of the attorneys for plaintiffs in error, that a court of equity will not interfere, by injunction, to prevent a mere trespass, and upon this ground the decree enjoining the threatened

trespass was erroneous. We think it plain, from the evidence, that the fence erected by the complainant was on his own land, and that the commissioners of highways were trespassers in tearing down and removing the same. But, as a general rule, courts of equity will not interfere to restrain trespassers, but leave the injured party to his remedy at law. There are, however, two exceptions to this general rule : First, where it is necessary to prevent irreparable injury; and second, to prevent a multiplicity of suits.

The jurisdiction of a court of equity to restrain a trespass arose in *Owens* v. *Crossett*, 105 Ill. 357, and in disposing of the question it is said: "It is first urged, in affirmance of the decree dismissing the bill, that it will not lie to enjoin a trespass. Such is undoubtedly the rule where it is a simple trespass to property, and is but a single act, and the person committing or threatening the trespass is able to respond in damages; but where he is insolvent, and repeated trespasses of a grave character are threatened to be repeated, equity will interfere to prevent the wrong by restraining the threatened trespass." In *Thornton* v. *Roll*, 118 Ill. 350, it was held, that where one party threatens to go upon the land of another and remove earth therefrom to make an embankment for a public road, in the absence of any allegation in the bill showing the insolvency of such party, or that irreparable injury will follow, no injunction will be granted to prevent the threatened trespass. In *Poyer* v. *Village of DesPlaines*, 123 Ill. 111, it was held, that before a court of equity will interfere to prevent a trespass or an illegal prosecution under an ordinance, upon the ground of irreparable injury, facts and circumstances must be alleged from which it may be seen that irreparable mischief will be the result of the act complained of and that the law can afford the party no adequate remedy. A general allegation to that effect will not suffice. To entitle a party to maintain a

bill of peace, or bill to prevent a multiplicity of suits at law, there must be a right claimed affecting many persons. If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will not lie, unless the complainant's right has been established at law. In *Chicago Public Stock Exchange* v. *McClaughry*, 148 Ill. 372, it was again held that a court of equity will not enjoin the commission of a threatened trespass where the injury is susceptible of computation, and the trespasser is not shown to be unable to respond in damages.

If these decisions lay down the correct rule on the subject,—and upon examination it will be found that they are well sustained by text writers and the decisions of the best courts of last resort,—it is manifest the bill in this case cannot be sustained. The bill contains no allegation that the defendants are insolvent, nor is there any proof of insolvency found in the record. Under such circumstances complainant has a complete remedy at law to recover any and all damages sustained by the tortious acts of the defendants.

But it is alleged in the bill that a multiplicity of suits will arise unless defendants are restrained. No suits could arise except between the complainant on the one hand and the commissioners of highways on the other, and the rule, as stated in 2 Story's Equity Jurisprudence, (sec. 857,) and approved in *Poyer* v. *Village of DesPlaines, supra,* is, if the right is disputed by two persons only, not for themselves and all others in interest, but for themselves alone, the bill will be dismissed. In the *Chicago Public Stock Exchange case, supra,* in discussing this subject, it is said: "To warrant interference upon the ground of multiplicity of suits there must be different persons assailing the same right, and not a mere repetition of the same trespass by the same person, 'the case being susceptible of compensation in damages.'—

1 High on Inj. 700." Under the law as declared in this case as well as the *Poyer case, supra,* a sufficient case was not made by the bill or the evidence to authorize a court of equity to interfere.

The decree of the circuit court will be reversed and the cause will be remanded, with directions to dismiss the bill.

*Reversed and remanded.*