| 78  309|
|178s 169|

## T. T. Jones, M. P. Neal, W. Taylor Connelly and David Gannaway v. M. S. Gray, D. D. Gray and S. B. Gray.

1. HIGHWAYS—*Separate Appeals from the Same Order of Commissioners Laying Out a Road.*—The commissioners of highways made a final order laying out a highway, and one of the petitioners filed a petition for an appeal with a justice of the peace, asking that three supervisors be summoned to hear the appeal, who were accordingly summoned to hear it. Afterward another appeal was taken by others, and these other supervisors summoned to hear their appeal on a day prior to that set for hearing the former appeal. *It was held* that the supervisors summoned in the first appeal acquired jurisdiction, to the exclusion of the others, and that the proceedings and judgment under the second appeal were void.

2. TRESPASS—*When a Court of .Equity Will Not Interfere to Prevent.*—Courts of equity will not interfere by injunction to prevent a trespass, except in cases where it will prevent irreparable injury or a multiplicity of suits.

Bill for an Injunction.—Trial in the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding.    Decree for complainant on demurrer.    Appeal by defendants.    Heard in this court at the May term, 1898.    Reversed and remanded with directions.    Opinion filed October 5, 1898.

### STATEMENT.

Appellees filed a bill in the Circuit Court showing that on the 6th of August, 1897, a petition was presented to the

commissioners of highways of the town of La Fayette, Coles county, Illinois, praying for the laying out of a new road upon a route which passed over the lands of complainants; that the commissioners, in pursuance of notices, etc., on the 18th of August granted the prayer of the petition and made public announcement thereof; that they caused a survey of the proposed road to be made on the 23d of August, and afterward filed a certificate with James W. Ellis, a signer of the petition and a justice of the peace of the town, authorizing the assessment of damages occasioned by the laying out of the road; that Ellis fixed upon a time and place for a jury to hear and assess damages, at which the complainants appeared and took a change of venue to the police magistrate of Lerna, before whom damages were assessed; that the commissioners on the 8th day of September made a final order laying out the road; that thereupon T. T. Jones, a signer of the petition, filed a petition for an appeal with James W. Ellis, justice of the peace, asking that three supervisors be summoned to hear the appeal, whereupon Ellis caused to be summoned M. P. Neal, W. Taylor Connelley and David Gannaway, supervisors of other townships, to hear such appeal on the 24th of September, 1897; that on the 11th of September the complainants and others filed a petition for an appeal with James T. Scott, a justice of the peace, who caused James K. Rardin, E. Pennell and B. F. Cutler, supervisors of other townships, to be summoned to hear such appeal on the 23d of September; that the last-mentioned appeal was heard on the 23d of September, and the final order of the commissioners laying out the road reversed. The bill charges that the appeal of Jones is a sham and collusive, and is not being prosecuted for the purpose of reversing, but for confirming the order of the commissioners, and prays for an injunction restraining any further proceedings under it.

A temporary injunction was granted by the master in chancery without notice on the 24th of September, 1897.

At the convening of court in October, 1897, appellants filed a demurrer to the bill which was by the court over-

ruled. Appellants standing by their demurrer, a decree was rendered in accordance with the prayer of the bill.

Andrews & Vause, attorneys for appellants.

James W. and Edward C. Craig, attorneys for appellees.

Mr. Justice Harker delivered the opinion of the court.
We are unable to see in appellees' bill any sufficient ground for interference by a court of equity.

Jones, availing himself of a statutory right, perfected his appeal in regular manner. Appellees, instead of joining in the appeal as they should have done, saw fit to petition for a separate appeal and secured a hearing one day before the day set for Jones' appeal. They obtained a judgment reversing the order of the commissioners and by this bill for injunction sought to prevent a judgment in conflict with it. We are inclined to the view that the three supervisors summoned in the Jones appeal, having first acquired jurisdiction, did so to the exclusion of the other appeal, and that the proceedings and judgment secured under the second appeal are void. If we are correct in that view, then the effect of holding the bill good would be to shut off the right to a lawful appeal. If, however, that view is incorrect and it be the law that appellees had the right to prosecute a separate appeal after Jones had perfected his appeal and the judgment obtained by them was valid, appellees could not resort to a court of equity to prevent Jones from prosecuting his appeal, because they had a remedy at law. What was to prevent their appearing before supervisors Neal, Conley and Gannaway, and moving to dismiss the appeal upon the ground that on the day before, a valid judgment had been entered reversing the final order of the commissioners? If their judgment was valid it would have been the plain duty of the supervisors to sustain the motion. What right have appellees to assume that the supervisors would violate their duty and refuse to sustain the motion? Certainly they should have availed themselves of their

rights to make the motion and have awaited the action of the supervisors before invoking the aid of a court of chancery.

Appellees assume that Jones' appeal was a mere sham and was being prosecuted fraudulently and collusively at the instance of the commissioners and others to shut out other appeals, and for the purpose of securing a confirmation of the final orders. They assume further that upon such confirmation the commissioners would proceed to open up the road and they would be compelled to defend suits brought against them. Suppose that should occur, there is nothing appearing in the bill that would preclude their interposing defenses. If their position that the judgment reversing the final order of the commissioners is right, then all overt acts done to force the road open would render the parties doing them liable in an action of trespass. Courts of equity will not interfere by injunction to prevent a trespass, except to prevent irreparable injury or to prevent a multiplicity of suits. Chicago v. Wright, 69 Ill. 318; Owens v. Crossett, 105 Ill. 354; Thornton v. Roll, 118 Ill. 350; Poyer v. Village of Des Plaines, 123 Ill. 111; Com'rs of Highways v. Green, 156 Ill. 504.

The decree of the Circuit Court will be reversed and the cause remanded with directions to sustain the demurrer to the bill.

Reversed and remanded with directions.