## Stanley Gonyo v. Village of Wilmette.

### Gen. No. 13,283.

1. INJUNCTION—*when does not lie against municipality.* An injunction will not be awarded against a municipality to enjoin by it the prosecution of suits for the violation of its ordinances.

2. INJUNCTION—*when does not lie to restrain trespasses.* An injunction will not be awarded to restrain the commission of trespasses or of threatened trespasses, except to prevent irreparable

injury and where the party defendant is insolvent, and to prevent multiplicity of suits.

3. INJUNCTION—*when preliminary, should not be granted without notice.* A preliminary injunction should not be awarded against a municipality where no notice has been given of the application and no facts set up in the bill showing irreparable injury in the event of the same not being awarded.

Bill for injunction. Appeal from the Circuit Court of Cook County; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 13, 1907.

**Statement by the Court.** This is an appeal from a decree dismissing, for want of equity, a bill filed by appellant July 12, 1906, against appellee. It is averred in the bill, in substance, that appellant is the owner of certain real property fronting on Klein street, a northwest and southeast street, near the corner of said street and 12th street, a north and south street; that the property fronts on Klein street, and extends northwest along said street 155 feet from a point near the intersection of Klein street with 12th street, to an alley parallel with 12th street.

There are two buildings on the property, one next to the alley, fronting 20 feet on Klein street, and the other a two-story building fronting 24 feet on Klein street, there being a vacant space of 24 feet in frontage between said two buildings. In the early part of May, 1906, there was no sewer in Klein street in front of complainant's property, the nearest sewer extension to his property in said street, before May 1, 1906, being 70 feet southeasterly from his property. In the early part of May, 1906, defendant extended the sewer in Klein street to a point in the center of the street, in front of the southeasterly corner of complainant's property. Complainant has maintained, in the rear of the property on which said houses are, two vaults for sewerage, one for each building, each vault approximately 3 feet deep and 3 feet square, the same have been maintained in a sanitary manner and cleaned at regular and frequent intervals. To make connections with the end of the sewer in Klein street,

it would be necessary to dig a trench for the southeasterly building to the middle of the street and thence southeasterly in the street 24 feet to the sewer; and to dig a trench for the northwesterly building to the middle of the street and thence between 55 and 60 feet to the sewer.

May 16, 1906, the following notice was served on complainant:—

"To Stanley Gonyo,
      Klein St., Wilmette, Ill.

Your attention is directed to section 32 of chapter xxxii of the revised ordinances of the Village of Wilmette, which section is as follows:

'No person or persons shall own, maintain or use, or permit to be maintained or used, upon any premises owned, leased or occupied by him or her, any privy vault in any part of the Village of Wilmette, upon any lot or premises which shall front or abut upon any street in which there is a public sewer.

Any person violating said section shall, upon conviction, be subject to a fine of not less than five dollars, nor more than two hundred dollars, for each offense, and upon conviction thereof before any justice of the peace or police magistrate the person so convicted shall be deemed guilty of a separate and distinct offense for each day thereafter such violation shall be allowed or suffered to continue.'

You are hereby notified that the privy vault on the premises lot 10, block 1, McCanney's Add., occupied by you is being maintained in violation of said section, and you are hereby notified to remove said privy vault within ten days from the date of the service of this notice upon you; and that in case of such failure so to do, steps will be taken to enforce the provisions of the ordinance.

Dated Wilmette, Ill., May 16, 1906.

J. D. COUFFER,
President of the Village of Wilmette."

Complainant proceeded to secure estimates for sewer connections, but was unable to procure them so as to go on with the work within ten days, and the village authorities filled up his vaults with dirt. The sewers in that part of the vil-

lage, particularly those in Klein and 12th streets, are too small, and are inadequate and the drainage is insufficient, so that in a hard rain the sewage backs into basements and residences and produces an unsanitary condition, so that the use of said sewers is a menace to the health of the community.

June 9, 1906, complainant was arrested on a warrant issued by direction of the village authorities, on a charge of maintaining on his premises a nuisance, the warrant purporting to be under and by virtue of the ordinance of the village relative to the maintenance of a nuisance, and, on the hearing before a justice and a jury, complainant was fined $10 and costs. The village authorities have threatened to bring other suits against him for the same matter, and to prosecute him criminally, by frequent arrests under the same ordinance. The members of the town board have persecuted him, to compel him to make connection with said sewer in Klein street. Complainant prays for an injunction, on affidavit and without notice, which was recommended by a master, and July 12, 1906, an injunction issued, restraining the Village of Wilmette from proceeding against complainant in the matter of sewer connection in Klein street, Wilmette, with his premises; from further criminal prosecution of complainant for maintaining an alleged nuisance on his premises, and from instituting suits against complainant involving the matter of said sewer connections, and said so-called nuisances. July 17, 1906, the appearance of the village was entered, and July 19 the village filed a demurrer to the bill. July 25 the complainant amended his bill, averring, in substance, that prior to and since the institution of said suit, the police and other officials of the village have, on numerous occasions, entered the buildings on complainant's property, and interfered with the privacy of his household and the use of his premises, and said village, by its police and other officials, have threatened to fill up said vaults, if the earth shall be removed therefrom, and have threatened to compel complainant to connect with said sewer as it now is. If, on final hearing hereof, or on final

Gonyo v. Village of Wilmette.

hearing of said suit, which is pending on appeal, it shall be determined that complainant can be compelled to connect with said sewer, he will so do, with reasonable dispatch; but pending the hearing hereof and final determination of said appeal, complainant should be protected by this court from further trespasses or interference by said village and its authorities, etc. The amendment concludes with a prayer for an injunction. July 25, 1906, the court entered an order that the demurrer to the original bill should stand as a demurrer to the bill as amended, and, on said demurrer and the motion of the defendant, dissolved the injunction, and, on complainant electing to stand by his amended bill, dismissed the bill.

WINSTON, LOWY & McGINN, for appellant.

ALBERT C. WENBAN, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The bill in this case is filed, as shown by its averments, to enjoin the prosecution of suits by the village for the violation of an ordinance of the Village of Wilmette, and to enjoin alleged threatened trespasses by the authorities of the village.

First. Will a bill lie to enjoin the prosecution of suits by a municipality, for the violation of its ordinances? It is thoroughly established, on well-settled principles, that such a bill cannot be maintained. In Poyer v. Village of Desplaines, 123 Ill., 111, a bill was filed to enjoin the village from further prosecuting seven pending suits, and other suits alleged to be threatened, for violation of an ordinance of the village. In that case, as in this, the complainant had been fined for a violation of the ordinance, and had appealed from the judgment imposing the fine, and the appeal was pending and undetermined. The court held the bill could not be maintained, saying: "The questions arising in the prosecutions sought to be enjoined can be determined in the tribunal in which they are pending, or in that to which they

may be taken by appeal. The legality or illegality of the ordinance is purely a question of law, which the common law court is competent to decide. If the defendant is not guilty of violating this provision, as alleged, the determination of that fact is peculiarly within the province of that court. In either event, appellant had a full and complete defense at law. When ordinances have been enacted by the proper authority, a court of equity will not interfere, by injunction, to restrain their enforcement in the appropriate courts, upon the ground that such ordinances are alleged to be illegal, or because of the alleged innocence of the party charged." The language quoted is approved in Village of Dolton v. Dolton, 201 Ill., 155, 163.

In City of Chicago v. Chicago City Ry. Co., 222 Ill., 560, the Chicago City Ry. Co. and the Chicago Union Traction Co. filed a bill against the City of Chicago to enjoin the prosecution of suits by the city for violations of an ordinance of the city, alleging, among other things, that the ordinance was unreasonable and void. The court held that the bill could not be maintained, saying, among other things: "It is settled beyond controversy that a court of equity has no jurisdiction to interfere with prosecutions for criminal offenses, and it makes no difference whether the prosecution is under a statute which applies to the State at large or under an ordinance which is in force only in a particular municipality. Courts of equity deal only with civil and property rights, and their powers do not extend to determining what laws or ordinances are valid or invalid unless such determination is incidental to the protection of rights recognized by courts of equity alone." Numerous authorities are cited in the foregoing cases.

Second. Can the bill be maintained to enjoin the alleged trespasses and threatened trespasses? The general rule is that a court of equity will not enjoin threatened trespasses, to which rule there are only two exceptions, viz.: to prevent irreparable injury, and where the party defendant is insolvent, and to prevent multiplicity of suits. Poyer v. Village of Desplaines, *supra;* Commissioners of Highways

Gonyo v. Village of Wilmette.

v. Green, 156 Ill., 504, 509; Thornton v. Roll, 118 ib., 350; Craig v. City of Charleston, 78 Ill. App., 309, and cases cited.

The bill in the present case does not allege irreparable injury or insolvency of the defendant. In Thornton v. Roll, *supra,* it was held that the bill, in failing to allege insolvency of the defendants, afforded no ground for equitable relief. The bill cannot be maintained on the ground of prevention of a multiplicity of suits. The complainant has not established his right at law. On the contrary, there has been a judgment against him, and the suit in which it was rendered is pending on appeal, and the right is disputed only between him and the village.

In Chicago Pub. S. Exchange v. McClaughry, 148 Ill., 372, 381, the court say: "If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will be dismissed. 2 Story's Eq. Jur., section 587." The court further say: "But where there are continued suits between two single individuals, arising from the separate repetition of trespasses, equity will not interfere by injunction where the right has not been established at law, because a judgment in any one of the suits would be evidence in all the others. If the right has not been established at law, the necessity of intervention does not exist." See, also, Chicago Gen. Ry. Co. v. C. B. & Q. R'd Co., 181 Ill., 605, 614.

The injunction in this case was granted without notice, on the recommendation of a master, and perhaps, in the hurry of business, without inspection of the bill by the chancellor. There is nothing in the bill warranting the granting of an injunction without notice, especially against a municipal corporation, and if there had been notice and a hearing, there can be no doubt that the injunction would not have been granted, as is evidenced by the final decree.

The decree will be affirmed.

*Affirmed.*