(No. 17974.—Decree affirmed.)
J. S. McRaven, Plaintiff in Error, *vs.* F. M. Culley, Road Commissioner, Defendant in Error.

*Opinion filed February 16, 1927.*

1. Equity—*general rule as to when equity will enjoin a trespass.* Equity will enjoin a trespass only where the complainant has no adequate remedy at law, or where it is necessary to prevent a multiplicity of suits by different persons assailing the same right, or where the complainant's title is admitted or has been established in an action at law and repeated trespasses are threatened of such character that the amounts recoverable as damages at law would be so small and disproportionate to the vexation and expense of the actions as to render the remedy at law inadequate.

2. Highways—*when equity will not enjoin road commissioner from removing fence.* Equity will not enjoin a road commissioner from tearing down a fence which the complainant has erected across a strip of land to which he claims title, where the commissioner claims that the strip is a public highway and denies the title of the complainant and where there is no allegation of the insolvency of the defendant or his inability to respond in damages for any trespass he may commit. (*Cragg* v. *Levinson,* 238 Ill. 69, and *O'Donnell* v. *Gearing,* 291 id. 278, distinguished.)

Writ of Error from the Circuit Court of Alexander county; the Hon. A. L. Spiller, Judge, presiding.

Walter Warder, and Walter B. Warder, for plaintiff in error.

Dewey & Cummins, for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

J. S. McRaven filed a bill in the circuit court of Alexander county for an injunction against the road commissioner of road district No. 5 in that county restraining him from entering upon the complainant's land and tearing down the fence and from proceeding to open a public highway over the land. The bill alleged that the complainant was the owner of the southeast quarter of the northeast quarter of section 9, in township 14 south, range 3 west of the third principal meridian; that more than thirty years before the commencement of the suit a railroad right of way existed across this forty-acre tract and a railroad was constructed, running between the towns of McClure and East Cape Girardeau, over which trains were operated until 1903, when a flood in the Mississippi river washed out the track to such an extent that the operation of trains was abandoned. Subsequently, in 1916, the railroad company took up all the ties and rails and completely abandoned the right of way, which reverted to the complainant, who took possession of it. In 1903, when the railroad company ceased to operate its trains, the inhabitants of the neighborhood of McClure began the use of a part of the right of way over complainant's land as a short cut from one public road to another, and did so until the complainant enclosed the land with a fence in February, 1926. This public use of the strip of land began and continued without any claim of right, was permissive only, and was never adverse to either the railroad company or the complainant. The defendant answered the bill, admitting the complainant's title to the forty-acre tract except as to the railroad right of way, and as to that denied that the

complainant was the owner, and alleged that the Illinois Central Railroad Company acquired title to it in 1893. He further alleged that the inhabitants commenced the use of the strip of land on the right of way for a road in 1903, claiming the right to such use as a public highway, and alleged that the right of way had been used as a public highway ever since. The answer admitted that the defendant had taken steps to tear down the fence and to open up the highway, as he had a right to do, because the land in question was a part of the right of way from continuous use for more than fifteen years. A temporary injunction having been allowed the defendant moved for its dissolution, and the court having heard the affidavits offered by the parties, sustained the motion, dissolved the injunction and dismissed the bill for want of equity.

This bill is not one of which equity will take jurisdiction. Its object is merely to enjoin the defendant from trespassing upon the complainant's land, and in such a case the legal right must be determined in an action at law before there can be resort to a court of equity. Equity will interfere to enjoin a trespass only where the complainant has no adequate remedy at law or where it is necessary to prevent a multiplicity of suits by different persons assailing the same right. (*Commissioners of Highways* v. *Green,* 156 Ill. 504; *O'Donnell* v. *Gearing,* 291 id. 278; *Abel* v. *Flesher,* 296 id. 604; *Mower* v. *Levings,* 300 id. 599.) An exception to the rule exists where the complainant's title is admitted or has been established in an action at law and repeated trespasses are threatened of such a character that the amounts recoverable as damages in actions at law would be so small and disproportionate to the vexation and expense of the actions as to render the remedy at law inadequate. There is here no allegation of the insolvency of the defendant or his inability to respond in damages for any trespass he may commit. The complainant's title to the land in question is not admitted but is expressly denied.

There is nothing peculiar about the situation of the complainant's land which would render a judgment for damages for the trespass an inadequate remedy. In *Cragg v. Levinson*, 238 Ill. 69, and *O'Donnell v. Gearing, supra,* the rule was recognized that equity will not restrain the trespass but will leave the parties to their remedy unless some condition exists which renders that remedy inadequate, but the rule was held inapplicable and the right to an injunction was sustained in each of those cases because the defendant had not answered the bill denying the complainant's title but by his pleading had admitted it with the same effect as if it had been established at law.

The court properly dismissed the bill for want of equity, and its decree is affirmed.                  *Decree affirmed.*