(No. 26172.—HARRIET S. GERMAN *et al.* Appellants, *vs.* EMMA T. WILKIN *et al.* Appellees.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

OSCAR J. PUTTING, for appellants.

MICHAEL ECKSTEIN, for appellees Emma T. Wilkin *et al.;* HOFF & HOFF, for other appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a controversy between two property owners on Jefferson street in the city of Springfield over correct boundary lines between their lots, and the use of a driveway extending between the houses erected on those lots. Plaintiffs' complaint asked that the court fix the boundary lines and location of the driveway and enjoin use of the driveway by defendants. The decree entered will be later discussed.

The lots involved are on the north side of Jefferson street. At this point Jefferson street does not extend exactly east and west, but as it extends westward it veers slightly to the north, so that if the proper lateral boundary lines of these lots extend due north and south, they are not at right angles with the street line. The primary question of fact in the case is whether the lateral boundary lines of plaintiffs' and defendants' properties extend due north and south or at right angles to the north boundary of Jefferson street. If the latter, they would veer a little to the east as they extended north. Plaintiffs and defendants, respective owners of these lots, each purchased their lot from a common grantor. Plaintiffs' lot is 40 feet in width and defendants' is 75 feet in width and adjoins plaintiffs' on the east. The driveway was built by the grantor who then owned both the lots here involved. It is 7 feet in width and lies along the east side of plaintiffs' lot. It is admitted by plaintiffs that the east 6 inches of the driveway is on the defendants' property. Defendants claim the boundary lines of the lots run north and south and that therefore the driveway, except at the intersection of its east line with the north boundary line of Jefferson street, is largely on their property.

The lots are 254 feet deep and the concrete roadway extends back 90 feet from Jefferson street. The following is a plat of the two pieces of property:

The shaded portions represent the changes in the lots affected by a finding that the lateral boundary lines extend due north and south. By such finding the shaded portion B is located on the German property, while the shaded por-

tions H and E belong to the Wilkin property. The one marked L would belong to neither of these parties but would be outside the boundaries of the Wilkin property. The shaded portion B is property now claimed by the owner of the lot lying immediately west of the German property. The lines F and K are the boundaries of the driveway.

There is no dispute as to the location of the south end of the division line between these properties where it intersects the north line of Jefferson street. The parties agree that it begins at a point 6 inches west of the east line of the concrete driveway. The driveway on the diagram herewith shown consists of the clear tract G and the shaded tract H. The German property, as claimed by them and found by the court, lies between the lines C and K. As claimed by the defendants the boundaries of the German property are the lines A and X, while those of the Wilkin property are X and O. The lines C, K and R, under the proof in this case, have been recognized as the lateral boundary lines of the German and Wilkin properties for more than thirty years. These the court found to be the true lines.

The history of this property is as follows: On March 5, 1920, one William Taylor owned all the property now owned by the plaintiffs and defendants, described as the "East 115 feet of the west 127 feet of Lot 6 in Wright's Addition to the City of Springfield." He had erected two houses on the property, one on the east 75 feet thereof and the other on the west 40 feet thereof. He constructed a concrete driveway 7 feet in width and extending northerly from Jefferson street 90 feet, between and close to the houses. It was used when putting coal into the basement of either house. About that time he converted the building on the east 75 feet into an apartment building and rented the apartments.

In 1912, Taylor rented the house on the west 40 feet to plaintiffs, the Germans, who occupied it as tenants until

October 3, 1921, when they purchased it from him under the following description: "The west 40 feet of the east 115 feet of the west 127 feet of Lot 6 in Wright's Addition to the City of Springfield." The next year the Germans erected a garage on the back part of the lot. This garage was located 12 feet from the west line of the driveway as extended and 57 feet north of the end of the concrete. The driveway from the garage to the north end of the concrete was covered with cinders.

Taylor rented the duplex on the east 75 feet and his tenants, up to August 17, 1935, used the concrete driveway in common with the plaintiffs. On the last named date Taylor conveyed the east tract—the duplex building—to the Wilkins, defendants, under the description: "East 75 feet of the west 127 feet of Lot 6 in Wright's Addition to the City of Springfield." The Wilkins erected a garage opposite that of the plaintiffs, and the dispute arose over the use and ownership of the driveway.

The plaintiffs, appellants here, say that they own all but the east 6 inches of the concrete driveway and the cindered driveway as it extends north from the concrete. They seek to have the defendants enjoined from using the driveway or in any way interfering with the plaintiffs' use thereof, and in case the court should find that the plaintiffs did not own all of the said driveway other than the 6 inches, they ask that the court reform the deed given to the plaintiffs so as to conform to the boundaries of the lot owned by the plaintiffs. To this end Taylor, the grantor, was made a party defendant.

The Wilkins filed an answer denying the right of the plaintiffs to the relief prayed and by counter-claim alleged that the division line between the lots, instead of extending at right angles to Jefferson street, extend due north from the north line thereof, whereby the defendants own more than one-half the driveway. The prayer of their counter-claim was that the division line be decreed

as claimed by them and that the plaintiffs be enjoined from interfering with defendants' use and ownership of the driveway.

The chancellor entered a decree in accordance with recommendations of the master in chancery to whom the cause had been referred, finding that the lines were as contended for by the plaintiffs and that all but 6 inches of the concrete driveway belonged to them. The master found, and his finding was approved by the chancellor, that at the time the Taylors sold the west 40-foot tract to the plaintiffs there was a boundary fence on the east and west sides of the 115-foot tract; that the east boundary fence was still intact at the time of the trial, though the fence on the west side of the 115-foot tract had been taken down before the trial. These fences and the houses and driveway were all extended and built at right angles to Jefferson street and their lines do not and never have run directly north and south. The lines so extended have been used and acquiesced in for more than thirty years. The master found that for more than thirty years the owners of the two lots used the concrete driveway jointly for the purpose of delivering coal to the basement of the building on either side of the driveway, and to reach their garages located on either side of the driveway as extended.

The claim of the defendants that the boundary lines of the German property are A and X, is founded on a recent survey which, as interpreted by the surveyor, indicates that lines on the north side of Jefferson street run due north and south rather than at right angles to Jefferson street. However, as we have said, the proof shows that the lines as established by the division fences and as used by the parties for more than thirty years, show that they extend at right angles with Jefferson street rather than due north and south.

We have read the abstract in this case and are convinced that the master and chancellor were correct in find-

ing in accordance with the contentions of the appellants as to the boundary lines. The master in chancery, however, found, and his finding was approved by the chancellor, that there had been a common use of the driveway for a period of thirty years and that the parties should use the driveway in common. The decree directed that obstructions which had been placed by the parties, preventing the use of the driveway by the other, should be removed. Appellants' appeal is from this finding and decree. They say there is no evidence whatever to support the finding of joint use which would give an easement to defendants over any portion of the driveway except the east 6 inches of it. They argue that the decree is inconsistent in declaring the driveway to be a party driveway, while finding that the title to all but 6 inches is in the appellants.

The rule is that where adjoining landowners agree upon a boundary line and enter into possession and improve the lands according to the line thus agreed upon, they will be precluded from contesting that line as the true one, and this even though the Statute of Limitations has not run. (*Comrs. of Highways* v. *Green,* 156 Ill. 504; *City of Mt. Carmel* v. *McClintock,* 155 id. 608; *Grim* v. *Murphy,* 110 id. 271; *McNamara* v. *Seaton,* 82 id. 498.) The decree in respect of the boundaries of the property is correct.

The chancellor dismissed the complaint as to Taylor on the ground that the deed needed no reformation. In this the chancellor was correct, since the decree provides, and the evidence establishes, that the deed to appellants conveyed the premises which appellants here contend it did.

The finding of the chancellor that there has been such a joint use of the driveway as to give the Wilkins an easement over that portion of it lying on the German property, does not find support in the evidence. The evidence seems clear that from the time the Germans acquired the property until the Wilkins purchased the east 75 feet of the Taylor tract, appellants exercised full control over the use of the

driveway, and the use thereof by Taylor and his tenants was with permission of the Germans. One witness testified that he was a tenant in the Wilkin house while it was still owned by Taylor and that Taylor informed him that the driveway belonged to appellants with the exception of a small strip. Taylor testified that he had approached appellants regarding letting tenants of his house—now the Wilkin house—use the driveway for hauling in their coal. The evidence of plaintiffs is that the defendant Emma T. Wilkin was told by plaintiff Harriet S. German, after the Wilkins had purchased the east tract, that the Wilkins had permission to use the driveway provided they kept it clean and helped with needed repairs. Emma T. Wilkin denies this and testified that, on inquiry, Mrs. German had stated that they owned all the driveway and refused to talk further about it, and that thereafter she, the witness, built her garage and used the driveway as she saw fit, adversely to the rights of the appellants. Whether the use was adverse or permissive, it ceased when plaintiffs filed this lawsuit, and the adverse use, if such it was, had not continued for sufficient time to create a permanent easement.

Taylor's deed to the Germans conveyed the entire 40 feet without reservation. His deed to the Wilkins likewise conveyed the entire 75 feet with no mention of an easement or right-of-way over the driveway on the west 40 feet of the tract. There is no evidence in the record to support the finding of the chancellor of such joint use of this driveway as would create an easement on the part of the defendants in the nature of a joint or mutual driveway. Permissive use can never ripen into an easement. (*Bontz v. Stear,* 285 Ill. 599.) The preponderance of the evidence is that defendants' use of it was permissive. They, therefore, acquired no right to other than the east 6 inches of the driveway which became theirs by their deed from Taylor. The defendants' use of this driveway, therefore,

should have been enjoined and obstructions which they placed upon it ordered removed.

While it seems there should be an agreement between these parties, yet where they cannot agree courts can only afford the rights and remedies which the law gives. That portion of the decree finding that the plaintiffs owned all but 6 inches of the driveway is correct and is affirmed. That portion which enjoined appellants from interfering with the use of the driveway by appellees and assessing costs equally against appellants and appellees is erroneous and is reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

*Affirmed in part, reversed in part and remanded, with directions.*