GERALD L. COOPER *et al.*, Plaintiffs-Appellees, *v.* EVELYN WILLIAMS, Defendant-Appellant.—(DONALD K. KRISHER *et al.*, Defendants.)

Third District   No. 77-395

Opinion filed June 7, 1978.

James Hatcher, of Walker, Gende, Hatcher, Berz & Giamanco, of Peoria, for appellant.

Charles W. Kohr, of Mathis, Sloan & Littler, of Peoria, for appellees.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the defendant, Evelyn Williams, from an award of a permanent injunction on behalf of the plaintiffs, Gerald and Jacqueline Cooper and Ralph and Sheila Spenny, requiring the defendant to remove a gate, constructed to close a lane running to the defendant's property. The basis of the action for the injunction was an allegation by the plaintiffs that the lane ran across their property to the defendant's property.

In her answer, the defendant asserted the affirmative defense that she had acquired ownership of the land through which the lane ran by adverse possession. In addition, she made a demand for a jury trial. Subsequently, however, the trial court granted the plaintiffs' motion to strike the defendant's jury demand.

Following a trial without a jury, the trial court found that the defendant had not acquired ownership of the land in question by adverse possession

and awarded the permanent injunction to the plaintiffs. This failure of the trial court to allow a trial by jury on the question of adverse possession is one of the errors relied upon by the defendant in this appeal.

■■ Except in certain statutorily enumerated situations, the constitutional guaranty of a jury trial applies only to actions known to the common law and is not a matter of right in equity proceedings. (*Metropolitan Life Insurance Co. v. Davis* (4th Dist. 1938), 295 Ill. App. 582, 15 N.E.2d 874.) Certainly, a suit for an injunction is an action in equity. However, the Illinois Supreme Court has held that when a plaintiff seeks an injunction against a continuing trespass, alleging ownership in the property, and the defendant's answer denies ownership in the plaintiff, "the legal right must be determined in an action at law before there can be resort to a court of equity." *McRaven v. Culley* (1927), 324 Ill. 451, 453, 155 N.E. 282, 283.

■■ As a result, title should have been determined in a court of law, enabling the defendant to demand a jury, before a determination of the propriety of issuing the sought-after injunction was had in equity. Since the trial court's error on this point requires a reversal, we need not discuss whether the trial court's determination that the defendant was not the owner of the property by adverse possession was against the manifest weight of the evidence, a second issue raised by the defendant.

Accordingly, the judgment of the Circuit Court of Peoria County is reversed and the cause is remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.

STENGEL and SCOTT, JJ., concur.