**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210507-U

Order filed March 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| LEONARD MCCUBBIN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-21-0507 |
| | ) | Circuit No. 20-CH-695 |
| | ) | |
| MICHAEL SUBACH, | ) | Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: The trial court's judgment in favor of defendant on nuisance claim and in favor of plaintiff on trespass claim with award of nominal damages was not against the manifest weight of the evidence. Affirmed.

¶ 2     Plaintiff, Leonard McCubbin, filed a complaint for injunctive and other relief against defendant, Michael Subach, for nuisance and trespass arising out of defendant's bonfires on his property. Following a bench trial, the trial court entered judgment in defendant's favor on both claims. On reconsideration, the trial court entered judgment in plaintiff's favor on the trespass

claim and awarded plaintiff nominal damages in the amount of $1. Plaintiff appeals, and for the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff and defendant live on adjacent properties in unincorporated Will County. On September 1, 2020, plaintiff filed a two-count complaint against defendant for nuisance and trespass arising out of defendant's bonfires on his property. Plaintiff alleged that defendant burns trash, grass, weeds, leaves, and other debris on a daily basis in the back of defendant's property. According to the complaint, the burning causes smoke, ash, and other material to enter onto plaintiff's property thereby substantially interfering with plaintiff's use and enjoyment of his property and causing difficulty in plaintiff's breathing. Plaintiff sought compensatory damages in an amount in excess of $50,000, punitive damages in an amount in excess of $250,000 for the trespass, attorney fees and costs, and a "preliminary injunction, to be made permanent following full trial on the merits of the case, against Defendant restraining, correcting, or abating their nuisance so that smoke, ash, and other material does not continue to enter onto [plaintiff's] Property."

¶ 5        Defendant answered the complaint, denying the allegations. Defendant also raised as an affirmative defense that the Will County Nuisance Fires Ordinance § 93.020, *et seq.*, allows a landowner to burn leaves, branches, and bushes originating from the landowner's property.

¶ 6        Subsequently, on November 18, 2020, plaintiff filed a motion for a temporary restraining order to enjoin defendant from burning trash, yard waste, and other debris on his property. However, on December 1, 2020, the trial court entered an agreed order continuing the matter for trial.

¶ 7                                       A. Trial

2

¶ 8        A one-day bench trial proceeded on May 4, 2021, at which plaintiff, plaintiff's fiancé (Connie Forsythe), and defendant testified. We recount the relevant testimony.

¶ 9        Plaintiff testified that his property is an approximately three-acre triangular lot, and his 1500-square foot house sits toward the back east of the property. There is an in-ground pool in the back of the house and a "workshop/shed/garage" to the south of the house. Defendant's property is east of plaintiff's property, sits in "somewhat of a valley" below plaintiff's property, and is surrounded by a wooden area. Plaintiff explained that his property sits higher and is an open area with no trees or woods.

¶ 10        Plaintiff testified that, while he and defendant have been neighbors and friends for several years, their relationship began to deteriorate about three years prior to trial. According to plaintiff, defendant became unreasonable and would not stop burning and creating a mass of smoke on plaintiff's property to the point where they could not breathe or enjoy the outdoor space. Plaintiff testified that, on several occasions, he asked defendant to stop but that defendant told him to go inside and close his windows.

¶ 11        Plaintiff further testified that defendant keeps a pile smoldering on his property, creating massive amounts of smoke. The smoke and byproducts drift into plaintiff's house and accumulate to an extent that he cannot even breath freely. Plaintiff and Forsythe have chronic obstructive pulmonary disorder (COPD), which the smoke exacerbates to cause additional breathing problems. They can no longer enjoy the outside of their property. For example, their grandchildren will not play in the pool because of the smell. They cannot open the windows in the house because of the smoke. During the week, defendant burns in the evenings, and on

weekends, all day long. Plaintiff identified various photographs depicting smoke on his property from defendant's property.[1]

¶ 12    Forsythe testified that she has lived with plaintiff in his home since 2008. Approximately three or four years ago, their relationship with defendant deteriorated due to the "burning." According to Forsythe, defendant "pretty much burned every day," causing the smoke to travel onto their property. The smoke has gotten progressively worse over time. As a result, they cannot open their windows or sit outside. Forsythe further testified that she has COPD for which she requires oxygen full-time and thus cannot handle the smoke. She has become "pretty much house-bound" and "can't really do anything outside" because of the burning and the smoke.

¶ 13    Defendant testified that his property spans approximately six acres and is heavily wooded, with the back two acres completely wooded. Defendant has a house and four other structures on the property—a shed, barn, "shop," and an "out-building." His house is about 200 yards from plaintiff's house. Defendant cleans his property, maintains trails on the property, and burns to get rid of the wood. He burns in different locations because some of the wood is too big to move and he therefore burns it where it is found. He also has a pile "that is just for cleaning" that he "put[s] [] in the back and it dries out." The burn pile is approximately a hundred feet east and forty feet south of his house. Defendant testified that he burns two to three times a week in the summer if he is working in the yard and frequently keeps "a small bonfire going."

¶ 14    Following the close of evidence, the trial court ordered the parties to file written closing statements and continued the matter for ruling. Plaintiff argued in his statement that the trial evidence established that defendant regularly and unreasonably burns materials on his property,

---

[1]The photographs were not included in the record on appeal.

4

causing excessive smoke and ash to enter plaintiff's property and constituting a nuisance and trespass. He further argued that neither nuisance nor trespass require a violation of the law. Plaintiff requested a permanent injunction barring defendant from "burning, lighting fires, or otherwise creating smoke on his property, whether by lighting yard waste or any other materials," compensatory damages of $1, and an award of attorney fees as punitive damages.

¶ 15　　　　Defendant argued in this statement that it is ordinary, reasonable, and lawful for a landowner to burn materials such as leaves, bushes, and branches that originate on the property, particularly given the size and location of the parties' lots. He maintained that the smoke generated from his burning was reasonable and that plaintiff and his fiancé were hypersensitive given their respiratory issues. Defendant further argued that plaintiff failed to establish deprivation of the use and enjoyment of his property.

¶ 16　　　　After submission of the closing statements, on June 17, 2021, the trial court issued a written order, entering judgment in favor of defendant and against plaintiff on both counts. The trial court found that, "based on the evidence presented and the credibility of witnesses," plaintiff "failed to meet [his] burden."

¶ 17　　　　　　　　　　　　B. Posttrial Proceedings

¶ 18　　　　Plaintiff timely filed a posttrial motion, seeking reconsideration or, alternatively, clarification as to the elements for which plaintiff failed to meet his burden of proof. Plaintiff argued that the evidence at trial established that the smoke created by defendant amounted to a nuisance and trespass on plaintiff's property. Plaintiff reiterated his request for a permanent injunction to enjoin defendant from "creating smoke on Plaintiff's property."

¶ 19　　　　On September 30, 2021, the trial court vacated its June 17, 2021, judgment order, granted plaintiff's posttrial motion in part, and denied the motion in part. In clarifying its judgment in

5

favor of defendant on the nuisance claim, the trial court stated that it "does not deny for a moment that smoke can constitute a nuisance." However, in this case, "the frequency and intensity of the smoke was not credibly established as being 'substantial' nor 'unreasonable.' " Rather, "[t]estimony from plaintiff's side of the case was exaggerated and did not credibly establish that the smoke was so offensive as to make life uncomfortable." Accordingly, the trial court entered judgment in favor of defendant and against plaintiff on the nuisance claim.

¶ 20 In granting reconsideration with respect to the trespass claim, the trial court noted that, while plaintiff did not establish that defendant entered the property, plaintiff did establish that defendant caused smoke to enter plaintiff's property—amounting to an actionable trespass. However, the trial court found that plaintiff "did not credibly establish that he has been materially damaged." Rather, "[t]he testimony in plaintiff's case was exaggerated as it pertained to damages." The trial court stated that, "[a]dmittedly, however, the Court ought to have awarded plaintiff nominal damages." The trial court proceeded to enter judgment for plaintiff and against defendant on the trespass claim in the amount of $1.

¶ 21 Plaintiff timely appealed.

¶ 22 II. ANALYSIS

¶ 23 On appeal, plaintiff argues that the evidence at trial established a continuing nuisance and trespass on his property and that he was entitled to a permanent injunction barring defendant from burning on defendant's property. Defendant counters that plaintiff failed to establish the elements of his nuisance claim and failed to prove any conduct warranting the entry of a permanent injunction.

¶ 24 A trial court's decision after a bench trial will not be reversed unless it is based on facts that are against the manifest weight of the evidence. *Cincinnati Insurance Co. v. Pritchett*, 2018

6

IL App (3d) 170577, ¶ 16. A judgment is against the manifest weight of the evidence if the opposite conclusion is apparent, or the findings appear to be unreasonable, arbitrary, or not based on the evidence. *Id.* We afford great deference to the trial court given its superior position to determine and weigh the credibility of the witnesses, observe witnesses' demeanor, and resolve conflicts in their testimony. *Id.*

¶ 25     In addition, the determination of whether to grant or deny injunctive relief rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Indeck Energy Services, Inc. v. DePodesta*, 2021 IL 125733, ¶ 64. The underlying factual findings are reviewed under the manifest-weight-of-the-evidence standard of review. *Standlee v. Bostedt*, 2019 IL App (2d) 180325, ¶ 51; see also *Vaughn v. City of Carbondale*, 2016 IL 119181, ¶ 22 ("Generally, a reviewing court will not overturn a trial court's order concerning a permanent injunction unless that order is against the manifest weight of the evidence.").

¶ 26                                         A. Nuisance

¶ 27     "A private nuisance is a substantial invasion of another's interest in the use and enjoyment of his or her land." *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 204 (1997). The invasion must be (1) substantial; (2) either intentional or negligent; and (3) unreasonable. *Id.* A nuisance is defined as "something that is offensive, physically, to the senses and by such offensiveness makes life uncomfortable." (Internal quotation marks omitted.) *Id.* at 205. The standard for determining whether particular conduct constitutes a nuisance is determined by the conduct's effect on a reasonable person. *Id.* at 204; see also *Belmar Drive-In Theatre Co. v. Illinois State Toll Highway Comm'n*, 34 Ill. 2d 544, 547 (1966) ("So far as injury to the person is concerned, it is held that in deciding whether a particular annoyance is sufficient to constitute a

nuisance the criterion is its effect upon an ordinarily reasonable man,—that is, a normal person of ordinary habits and sensibilities ***.") (Internal quotation marks omitted.)

¶ 28     Plaintiff argues that smoke and fumes are typical examples of a nuisance (see *In re Chicago Flood Litigation*, 176 Ill. 2d at 205-06), and that defendant's act of burning amounted to a nuisance. He contends that the mere fact that his health condition was exacerbated by the smoke does not preclude him from establishing that the smoke was a nuisance. However, the trial court did not rely upon plaintiff's health condition in finding that he failed to establish a nuisance. Rather, the trial court found that the frequency and intensity of the smoke was not credibly established as being either substantial or unreasonable. Moreover, the trial court found that the testimony on this issue was exaggerated and did not credibly establish that the smoke was so offensive as to make life uncomfortable. Plaintiff does not address these findings, and the record reflects no basis upon which to conclude that the findings were against the manifest weight of the evidence. Accordingly, we affirm the trial court's determination that plaintiff failed to establish a nuisance.

¶ 29                                    B. Trespass

¶ 30     A defendant commits the tort of intentional trespass by entering onto a plaintiff's land without permission, invitation, or other right. *Schweihs v. Chase Home Finance LLC*, 2021 IL App (1st) 191779, ¶ 30. A defendant may be liable in trespass not only for his own entry onto the plaintiff's land but also for causing a thing or third person to enter onto the land. *Id.* (citing *Dial v. City of O'Fallon*, 81 Ill. 2d 548, 554 (1980)). Here, on reconsideration, the trial court found that plaintiff established a trespass but failed to prove any material damage. Accordingly, the trial court awarded plaintiff only nominal damages. See *id.* ("A plaintiff does not need to prove

actual harm to recover damages for the intentional tort of trespass, as every trespass entitles the plaintiff to at least nominal damages.").

¶ 31    Plaintiff's argument on appeal is that the trial court should have also entered a permanent injunction barring defendant from continuing to burn materials on his property. According to plaintiff, "[t]he courts have long recognized that an injunction may be an appropriate remedy where a defendant has repeatedly trespassed on the plaintiff's property and intends to continue doing so." In support, plaintiff cites, without further explanation (or pinpoint citation), *McRaven v. Culley*, 324 Ill. 451 (1927), *Cragg v. Levinson*, 238 Ill. 69 (1908), and *Pliske v. Yuskis*, 83 Ill. App. 3d 89 (1980). Plaintiff, however, must still establish entitlement to injunctive relief. As the court in *McRaven* noted, "[t]here is nothing peculiar about the situation of the complainant's land which would render a judgment for damages for the trespass an inadequate remedy." *McRaven*, 324 Ill. at 454.

¶ 32    "A permanent injunction is an extraordinary remedy." *Oak Run Property Owners Ass'n v. Basta*, 2019 IL App (3d) 180687, ¶ 62. The party seeking a permanent injunction must demonstrate: (1) a clear and ascertainable right in need of protection, (2) irreparable harm if the injunction is not granted, and (3) no adequate remedy at law. *Indeck Energy Services*, 2021 IL 125733, ¶ 64.

¶ 33    In arguing that he established these elements, plaintiff contends that "there is no way to adequately compensate [him] for the nuisance, damage to his health, and inability to fully utilize his property" and there was "no appropriate monetary award." Plaintiff likens this case to *Kolstad v. Rankin*, 179 Ill. App. 3d 1022 (1989), in which the plaintiff brought a nuisance claim against his neighbor and sought to enjoin use of the neighboring property as a firing range. In upholding entry of a preliminary injunction (but finding it overbroad), the appellate court

reasoned that the plaintiff established an irreparable harm for which there was no adequate remedy at law due to the inability to compensate the plaintiff for the noise or need to avoid certain areas of his own property to avoid injury. *Id.* at 1033.

¶ 34 Here, however, the trial court found that plaintiff failed to establish that the frequency and intensity of the smoke was either substantial or unreasonable. Indeed, the trial court found that plaintiff's testimony on this issue was exaggerated. Moreover, while the trial court found that plaintiff had established an actionable trespass by showing that defendant caused smoke to enter plaintiff's property, again, the trial court found that plaintiff's testimony was exaggerated as it pertained to damages. In other words, plaintiff arguably had an adequate remedy at law in the form of alleged monetary damages but failed to substantiate the damages. Distilled to its essentials, plaintiff's argument is that the trial court's finding of a trespass here necessitated the entry of a permanent injunction. There is simply no legal support or factual support in the record for plaintiff's argument.

¶ 35 III. CONCLUSION

¶ 36 For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 37 Affirmed.