(No. 26640.—

KEIG STEVENS BAKING COMPANY *et al.*, Appellants, *vs.* THE CITY OF SAVANNA *et al.*, Appellees.

*Opinion filed September 25, 1942.*

304

Miller & Thomas, (Charles A. Thomas, of counsel,) for appellants.

J. L. Brearton, for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

Appellants filed a bill in the circuit court of Carroll county seeking an injunction restraining appellees from enforcing an ordinance of the city of Savanna regulating vehicles carrying foodstuffs. A temporary injunction was issued, a motion to dissolve it was denied, and on hearing on complaint and answer the complaint was dismissed for want of equity. The cause is here on direct appeal as the trial court certified the validity of an ordinance is involved and that public interest requires that the case be presented here for review.

The ordinance renders unlawful the use of any vehicle "for the storage or the carrying of [products intended for human consumption, enumerating them], in the city of Savanna, Illinois, for the purpose of delivering any such foodstuffs to any place in said City for use and consumption or for resale in said City for such purposes, unless a license for such vehicle is first secured and the provisions of this Ordinance are fully complied with." The license fee is fixed at $15.

Section 2 of the ordinance is as follows: "No license fee shall be required for any vehicle used to deliver foodstuffs from any establishment which is licensed and inspected as a food-dealing establishment in said City; but all provisions of this Ordinance shall be complied with in connection with such vehicles other than that providing for the payment of fees." The ordinance also, by further sections, specifies the character of inspection and duty resting upon the one operating the vehicle as to cleanliness and the like, and provides penalty for violation.

The validity of the ordinance is attacked on two grounds: (1) that it is an ordinance for revenue only and not a regulatory ordinance, and, (2) that it discriminates against persons of the same class, contrary to constitutional provisions. This ordinance is identical with the one under consideration in *American Baking Co.* v. *City of Wilmington,* 370 Ill. 400. Counsel for appellants, however, deny the accusation of appellees' counsel that they are seeking a rehearing in that case, and say that the questions presented here are not the same; that in the *Wilmington case* it was held that the charges of unreasonableness of the fee were not sufficiently specific, and in that case the decision was made on the pleadings, without hearing evidence, while here such charges are specific and evidence was heard, and the holding in the *Wilmington case,* therefore, is not binding in this case. They also say that while the *Wilmington case* held that the ordinance was not open to the objection that it illegally discriminated between appellants there and those engaged in the same business residing in the city of Wilmington, there is here the additional question whether it discriminates against members of the same class, all of whom reside within the city of Savanna.

Appellant baking company is engaged in the business of distributing certain foodstuffs at wholesale by trucks to different customers in the city of Savanna. It has no principal place of business in that city. It will be observed,

as noted in the *Wilmington case,* that the provisions of the ordinance requiring inspection of trucks, applies equally to all trucks handling foodstuffs, whether they are a part of a business that pays a license fee or not, and whether their service originates within or without the city of Savanna.

The complaint charges that while the ordinance levies a license fee of $15 per year for each vehicle, the cost of inspection required by the ordinance and the enforcement of it could not amount to more than $2 per year for each vehicle, and appellants' counsel invoke the familiar rule that an ordinance requiring a license fee must bear a reasonable relation to the additional burdens imposed upon the city by the business licensed under such ordinance, and the necessary expense involved in police supervision, as provided therein; and that an ordinance which does not come within these specifications is open to the objection that it is a revenue and not a regulatory ordinance. It is agreed by all counsel in the case that the power of the city is so limited. Such is the rule. (*Ward Baking Co.* v. *City of Chicago,* 340 Ill. 212.) It is also the rule that the fact that the license fee required may possibly exceed the necessary or probable expense of issuing the license, and of inspection and supervision, does not of itself render the ordinance illegal as a revenue ordinance. *City of Chicago* v. *Arbuckle Bros.* 344 Ill. 597; *Kinsley* v. *City of Chicago,* 124 id. 359.

In the *Wilmington case* the statement of the court was: "The allegations of the complaint do not show that a fifteen-dollar annual fee per vehicle is so excessive that it is manifest the real purpose is other than regulatory." In this case the plaintiff offered the evidence of a former mayor of the city of Rockford, who testified that in his opinion the cost of inspection and licensing under this ordinance would not exceed two or three dollars per truck. He stated no facts from which any similarity between conditions in Rockford and those in Savanna can be seen. In fact, his testimony is but an opinion, not shown to be based

on knowledge of conditions similar to those in appellee city. It was sought to introduce in evidence the ordinances of the cities of Freeport and Rockford providing for different license fees. On objection they were excluded. In this there was no error since no evidence affording a basis for comparison was offered, nor was there evidence tending to indicate that conditions in those cities, which differ in size from Savanna, are similar.

It seems clear that where deliveries are made from outside the city in food trucks to various customers within the city, considerable extra effort is required to secure inspection. There is nothing in the record to indicate that the appellants or anyone so situated had either regular calling days or places where the inspection could be readily made. The fact that a truck delivering food products passes inspection for cleanliness one day is not an assurance that it may meet the requirements of the ordinance at any later day, so that if the ordinance is to be carried out as it terms contemplate, frequent inspection is necessary. We see no reason for departing from the holding in the *Wilmington case* that the fee of $15 is not shown to be so excessive as to indicate that this provision of the ordinance was for revenue only.

Appellants' second contention is that section 2 of the ordinance discriminates between persons in the same class as to the license fee charged, and therefore deprives them of their property without due process of law. In *City of Chicago* v. *Waters,* 363 Ill. 125, it was held that where the ordinance is within the grant of power conferred by the legislature, the presumption is in favor of its validity, and the burden is always on the party attacking it to show its invalidity. Courts are without power to inquire into the wisdom of an ordinance or motives that prompt its enactment except in cases of fraud. Laws are not to be regarded as special or class legislation merely because they affect one

class and not another, provided they affect all members of the same class alike. (*Stearns* v. *City of Chicago,* 368 Ill. 112; *People* v. *Callicott,* 322 id. 390; *People* v. *Sisk,* 297 id. 314.) Reasonable classification will be sustained if it is reasonably adapted to secure the purpose for which the act is intended and is not purely arbitrary. Such classification will not be disturbed by the courts unless it can clearly be seen that there is no fair reason for the distinction made. *Stearns* v. *City of Chicago, supra.*

In the *Wilmington case* it was held that the provision requiring a license fee of $15 for trucks other than those belonging to firms in the city of Savanna paying a license fee under another food ordinance, is not invalid as discriminating without basis of classification against non-resident trucks. Counsel for appellants argue here, however, that the discrimination complained of in this case also is that existing between resident firms who pay license fees under other food ordinances, and those resident in the city of Savanna who do not and are required under this ordinance to pay a license fee of $15 per truck. They say that this question was not passed upon in the *Wilmington case.* It will be observed, however, that appellants are not affected by such discrimination, if any exists, and are, therefore, not entitled to complain of it here. *People* v. *Diekmann,* 285 Ill. 97.

The licensing of those handling and distributing food for human consumption and for inspection of their facilities, is not only salutary but necessary. (*Arms* v. *City of Chicago,* 314 Ill. 316.) The question of classification is primarily legislative and becomes judicial only when the classification or regulation is clearly unreasonable. (*Heartt* v. *Village of Downers Grove,* 278 Ill. 92.) The measure of reasonableness is not what is best but what is fairly appropriate to the purpose under regulation under all the circumstances. (*Weksler* v. *Collins,* 317 Ill. 132.) The

fact that an ordinance discriminates against an individual or group is not of itself sufficient to render it invalid. Such discrimination, to violate constitutional guaranties, must be unreasonable and wanting in that basis required by law. A class may not be created by the arbitrary declaration of an ordinance. The ground of such classification and distinction must have relation in reason and in principle to the privileges or burdens supposed to be granted or laid upon such individuals as a class by the ordinance. *People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100; *Berry* v. *City of Chicago,* 320 id. 536; *Bagdonas* v. *Liberty Land and Investment Co.* 309 id. 103.

The question then arises, Is there any reasonable basis for exempting from the license fee the vehicles of those persons licensed as food dealers? Such persons have a place of business from which their vehicles delivering such foodstuffs operate. An inspector may find the vehicles daily at such place of business, while those operating vehicles for the conveyance of food for human consumption from without the city have no fixed places of business therein, and in order to make an inspection of the vehicle the inspector must find it, and, as we have indicated, this may not always be easy to do. The diffculty of inspection is a reasonable basis for classification. (*Stearns* v. *City of Chicago, supra.*) It is also true that the exempted food dealers pay license fees under other food ordinances and are also subject to the same inspection as appellants under this ordinance.

We are of the opinion that the questions arising in this case have been settled by the *Wilmington case* hereinbefore referred to, and the circuit court did not err in dismissing appellants' complaint for want of equity. The decree therefore will be affirmed.

*Decree affirmed.*