**Lydia Hoda, Plaintiff-Appellee, v. William E. Hoda, Defendant-Appellant.**

Gen. No. 69–214.

Second District.

May 7, 1970.

Covey, McKenney & Powers, of Crystal Lake, for appellant.

Franz, Franz, Wardell and Lindberg, of Crystal Lake, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Lydia Hoda, filed suit for divorce on October 14, 1969. Her verified complaint alleged that the parties had been living separate and apart since October 6, 1969; that the defendant had threatened her with physical violence in the past; and that she feared that upon notice of the suit being filed, he would physically injure her and interfere with her well-being, unless restrained by an injunction issued without notice and bond. The complaint included a prayer for the issuance of a temporary injunction without notice or bond restraining the defendant from "molesting, bothering,

annoying, physically injuring or otherwise interfering with the well-being and freedom of movement of the plaintiff."

The defendant was served with summons on October 16, 1969, but no application was then made for a temporary injunction, nor was such injunction obtained. The defendant's attorney entered his appearance on November 3, and on November 5, the defendant received a notice that the plaintiff would appear before the court on November 6, 1969, and move the court to enter an order to "enjoin the Defendant from entering upon the marital domicile or bothering or molesting the Plaintiff, as prayed for in the Complaint." This motion was continued to November 7, 1969, at 9:30 a. m.

Immediately prior to the hearing on November 7, the defendant filed his verified answer, but it does not appear that it was brought to the attention of the court. The defendant objected to the hearing, and stated that he had not received any pleading upon which the hearing was based, and could not properly prepare a defense. The plaintiff suggested that she was merely proceeding upon her complaint, although her notice suggested that she was seeking broader injunctive relief than prayed for in the complaint. The court stated that it would consider only the matters regarding the temporary relief sought in the complaint.

The plaintiff was placed on the stand and testified relative to occurrences subsequent to the filing of her complaint, including an alleged act of physical violence committed against her by the defendant. She had been under psychiatric care, and her answers at times were unresponsive and indicated a lack of respect for the court. Her attorney was unsuccessful in his efforts to control her.

The defendant's conduct was not much less reprehensible. He interrupted the proceedings with emotional

outbursts while the plaintiff was on the stand. At the conclusion of the plaintiff's testimony, the court stated that this was an emergency matter; that the parties were brawling and were inclined to continue such conduct; and that it would issue a restraining order. The court subsequently, however, permitted the defendant to cross-examine the plaintiff. During the course of the cross-examination, the court stated that it would issue the temporary restraining order to protect the respective parties and to keep them apart, and that such order was necessary for their safety and well-being.

The trial judge indicated throughout the hearing that he was going to disqualify himself from further consideration in this case in that he was prejudiced. The record suggests that the court may have felt prejudiced against the plaintiff because of her conduct on the witness stand.

An order was entered by the court that the defendant be enjoined "from entering the domicile and bothering and molesting the plaintiff until further order of the court." The court later, without additional hearing, denied the defendant's motion to vacate this order. It appears that the trial court had attempted to transfer the matter to another judge, but no other court would intercede on the motion to vacate the temporary order. This appeal appears to be in conformity with Supreme Court Rule 307 (Ill Rev Stats 1965, c 110A, par 307).

When we review the record of the hearing before the trial court, and consider the conduct of the plaintiff on the witness stand, the conduct of the defendant while attending the hearing, the strong indication of the defendant's propensities toward violence, and the emotional instability of the plaintiff, we are convinced that the trial court acted in the best interest of the physical and mental well-being of the parties.

Nevertheless, it is our duty to determine whether the trial court also acted within the provisions

of the law in granting such injunctive relief. Such requirement is necessary in order that parties litigant may be assured that they may have their day in court and an opportunity to be heard when rights are to be taken away from them. The exceptions to the requirement of due notice and full hearing are limited to very narrow confines wherein the law will permit rights to be taken away without such notice and the opportunity to be heard.

Under the provisions of section 3–1 of the Injunctions Act (Ill Rev Stats 1967, c 69, par 3–1), no temporary restraining order shall be issued without notice to the adverse party unless it clearly appears from a verified pleading that immediate and irreparable injury or loss will result to the applicant before notice can be served or a hearing held. Every temporary restraining order must define the injury and state why it is irreparable and why the order was granted without notice. Each order is limited in time, but may be extended. Other provisions of the statute limit the nature and effect of the order. Every order must set forth the reasons for its issuance, shall be specific in its terms, and shall describe in reasonable detail, the act or acts sought to be restrained.

Section 23 of the Divorce Act (Ill Rev Stats 1967, c 40, par 21.4), permits one spouse to have sole possession of the marital home during the pendency of the proceedings where there is on file "a verified complaint or a verified petition seeking temporary eviction . . . only upon due notice and full hearing, unless waived by the court on good cause shown."

■ The plaintiff seeks to justify the order of the trial court on the basis of this section of the Divorce Act. Such explanation is not well-founded. The verified complaint does not seek a temporary eviction of the defendant. It alleged that the parties are living separate and apart and the proof established that the defendant was

not living in the marital home. The complaint did not pray for an order barring him from the marital home, and no other pleading was filed by the plaintiff. If the plaintiff were seeking relief under this section, she did not properly invoke it by either a verified complaint or a verified petition. Failing in this respect, she cannot seek to justify the relief granted by the court on the basis of this statute. Broberg v. Mann, 66 Ill App2d 134, 137, 138, 213 NE2d 89 (1965).

From the record in this case, the exact circumstances under which the defendant left the marital home are not at all clear. However, it does appear that his counsel advised him to leave the home to avoid trouble.

■ The plaintiff and the defendant had been married for 34 years and in the light of these circumstances, we believe that before the defendant was forbidden to enter the marital home, there should have been a full hearing, based upon an adequate pleading, which would have fully advised him of the issues he was to meet.

■ The plaintiff had a history of mental illness and the instance concerning which she testified as the basis for awarding the injunctive relief, apparently occurred on November 3. There was sufficient time for her to file a pleading setting forth the basis of her claim for a temporary injunction and advising the defendant of the charge he was to meet. Kelly v. Kelly, 293 Ill 169, 173, 127 NE 377 (1920).

At the time of the hearing, the defendant had filed a verified answer denying the allegations made in the complaint. This answer should have been brought to the attention of the trial court. Had such procedure been followed, the court undoubtedly would have permitted the defendant to be heard on his answer and would have allowed him to present evidence rebutting the charges made by the plaintiff; and the court's failure in this respect would have constituted error. Centennial

288

Laundry Co. v. West Side Organization, 55 Ill App2d 406, 414, 204 NE2d 589 (1965); Kleinschmidt v. Kleinschmidt, 343 Ill App 539, 552, 99 NE2d 623 (1951).

■ Many errors are charged by the defendant, but we see no reason to belabor the points raised. While we believe that the conclusion reached by the trial court was unquestionably in the best interests of the parties, the injunction order which restrained the defendant from entering his marital home was not entered in compliance with the existing applicable law. It did not set forth the reason for its issuance and was not specific in its terms.

It is unfortunate that the plaintiff did not file a pleading for the specific relief which she sought; that the court did not require such pleading and an appropriate answer thereto (Ill Rev Stats 1967, c 110, par 42(1)); that counsel for the parties were unable or unwilling to arrange for a complete hearing before another judge after the trial judge indicated his disqualification; that the injunction order did not comply with the provisions of section 3–1 of the Injunctions Act; and that the circumstances seemed to require an appeal from the orders in question.

For the reasons heretofore stated, the order of November 7, 1969, for the issuance of an injunction, and the order of November 14, 1969, denying the motion to vacate such order, are reversed; the injunction which issued pursuant to the order of November 7, 1969 is dissolved; and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.