THE PADDINGTON CORPORATION, Plaintiff-Appellee, *v.* WESTVILLE BEVERAGE MART, INC., Defendant-Appellant.

(No. 57314; )

First District (5th Division)—June 22, 1973.

Allen H. Schultz, of Chicago, for appellant.

Patrick W. O'Brien, David S. K. Platt, and Douglas J. Parry, all of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Paddington Corporation filed a verified complaint for "temporary" and permanent injunctions against Westville Beverage Mart, Inc., doing business as Foremost Liquors, alleging that defendant violated the Illinois Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, secs. 188—191.) The trial court refused to dissolve a preliminary injunction it had issued restraining defendant from advertising, offering for sale or selling plaintiff's products until the matter could be resolved on its merits. On appeal defendant contends only that the injunction is invalid because it is not specific as to its terms.

Pursuant to plaintiff's verified for "temporary" injunction of which

defendant was notified, the trial court entered a preliminary injunction in the following terms:

"[D]efendant * * * its agents, servants, employees and attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained, until such time as this case can be heard on the merits, or otherwise disposed of, from willfully and knowingly advertising, offering for sale or selling Paddington products, including but not limited to [naming one product], in Illinois, at less than the prices stipulated by plaintiff from time to time in any contract entered into pursuant to the provisions of the Fair Trade Act of the State of Illinois, which contracts at the time of filing of the complaint herein were, are now, and will hereafter be in force in Illinois relating to the sale or resale of any of said beverages in that State."

After this injunction was entered, defendant filed a verified answer denying many of plaintiff's allegations. Defendant, with the court's permission, then filed a motion to dissolve the preliminary injunction. Defendant argued that the *ex parte* injunction was not clear and concise, did not inform defendant of the conduct enjoined, and failed to comply with section 3—1 of the Injunction Act.

The plaintiff replied to defendant's motion denying defendant's allegations and stating that the Fair Trade Act authorizes plaintiff's action. After the parties briefed their positions, the court entered the following order:

"[T]hat the motion to dissolve the temporary injunction is denied, the Court basing its decision on the authority of *Seagram-Distillers Corp. v. New Cut Rate Liquors, Inc.*, 221 F.2d 815 (7th Cir. 1955), *cert. denied*, 350 U.S. 828 (1955)."

and further ordered that the injunction remain in full force and effect according to its terms.

*OPINION*

■■ Defendant contends only that the injunction is invalid because it is not specific as to its terms. Defendant argues that the trial court's failure to include the name of each Paddington product and its specific fair trade price renders the injunction invalid for lack of specificity. Defendant cites an Illinois decision (*Ill. School Bus Co. v. South Sub. Safeway Lines* (1971), 132 Ill.App.2d 833, 839-840, 270 N.E.2d 200, 205-206), and several federal cases including a fair trade case (*Schwegmann Bros. G. S. Mkts. v. Hoffman-La Roche, Inc.* (5th Cir. 1955), 221 F.2d 326, *aff'g Hoffman-La Roche, Inc. v. Schwegmann Bros. G. S. Mkts.* (E. D. La. 1954) 122 F.Supp. 781) which involved a fair trade act and an

injunction similar to that involved in the instant case. Defendant further argues that the language of section 3—1 of the Injunction Act (Ill. Rev. Stat. 1969, ch. 69, sec. 3—1) is mandatory. That section provides that:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

This section derives from Rule 65(d) of the Federal Rules of Civil Procedure.

Plaintiff argues that the injunction was proper and cites the fair trade case on which the trial court based its decision. (*Seagram-Distillers Corp. v. New Cut Rate Liquors* (7th Cir. 1955), 221 F.2d 815.) This case involved the Illinois Fair Trade Act and an injunction almost identical to the one in the instant case. The court there reasoned that notwithstanding the language of Rule 65(d) the injunction reasonably informed defendant of the acts restrained yet also provided sufficient flexibility to meet the needs of a changing market. Without such flexibility, enforcement of the Fair Trade Act would become a practical impossibility.

■■ Upon examining these cases, we do not believe the instant injunction creates undue hardship for defendant. Defendant is actively involved in the liquor business and is aware of the products which are fair traded. The injunction informs defendant of whose products are involved and how in accordance with law defendant will be informed of any subsequent changes in plaintiff's fair trade program. The burden placed upon defendant is not so onerous as to render the injunction invalid. See *Calvert Distillers Co. v. Vesolowski* (No. 57532 (First Dist.), filed May 9, 1973.)

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur.