SOMERSET IMPORTERS, LTD., Plaintiff-Appellee, *v.* GOLD STANDARD LIQUORS, INC. *et al.,* Defendants-Appellants.

(No. 58920; ▮▮▮▮▮▮▮▮▮▮▮)

First District (3rd Division)—February 14, 1974.

Schultz & Schultz, of Chicago (Allen H. Schultz and Jay L. Schultz, of counsel), for appellants.

Morton Siegel and Allan Goldberg, both of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an interlocutory appeal from an order denying a motion to dissolve a preliminary injunction. On December 1, 1972, plaintiff filed a verified complaint for a "temporary" and permanent injunction against the defendants to restrain the advertising, offering for .sale or selling

plaintiff's products at prices below those stipulated in accordance with the Fair Trade Act (Ill. Rev. Stat. 1969, ch. 121½, pars. 188—191). On December 5, 1972, plaintiff served notice of motion that on December 11, 1972, it would present a motion for "temporary" injunction pursuant to the verified complaint. On the latter date defendants filed their appearance and answer, and the plaintiff's motion was set for hearing on January 5, 1973, on which date an order was entered granting the plaintiff a "temporary" injunction. On February 2, 1973, the court granted a substitution of attorneys for defendants who thereupon filed a motion to dissolve the "temporary" injunction. On March 7, 1973, defendants' motion was denied, and defendants appeal.

On appeal, as in their motion to dissolve the preliminary injunction, defendants contend that the order of January 5, 1973, violates the provisions of section 3—1 of the Illinois Injunction Act (Ill. Rev. Stat. 1971, ch. 69, par. 3—1), specifically that: (1) it does not set forth the reasons for its issuance; (2) it is not specific in its terms; and (3) it makes reference to other documents as describing the acts sought to be restrained.

The pertinent portions of the injunction order entered on January 5, 1973, read as follows:

> "THIS CAUSE coming on to be heard on the motion of plaintiff, by MORTON SIEGEL, its attorney, for a temporary injunction; the Court having before it the verified Complaint of plaintiff, having read and considered the same, and the Court being advised that defendant does not object to the entry of this order, and thus being advised in the premises;
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendants, * * * their agents and servants, and each and every one of them be, and they are hereby jointly and severally enjoined and restrained during the pendency of this action, from wilfully and knowingly advertising, offering for sale or selling SOMERSET IMPORTERS, LTD., products, including but not limited to TANQUERAY GIN in Illinois, at less than the prices stipulated by plaintiff from time to time under the Fair Trade Act of the State of Illinois, and in accordance with the contracts made pursuant to said Fair Trade Act, which contracts at the time of filing of the Complaint were, or now are, or may hereafter be in force in Illinois relating to the sale or resale of any of said beverages in that State. Attached hereto for Exhibit 1, is current schedule of Fair Trade prices for TANQUERAY GIN."

Section 3—1 of the Illinois Injunction Act provides, in relevant part:

> "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in

terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; * * *."

■■ We first consider defendants' contentions that the order lacks specificity and makes reference to other documents. In sustaining an order practically identical in language to the order challenged herein, we stated in *Paddington Corp. v. Westville Beverage Mart, Inc.* (1973), 12 Ill.App. 3d 555, at 558:

"Upon examining these cases, we do not believe the instant injunction creates undue hardship for defendant. Defendant is actively involved in the liquor business and is aware of the products which are fair traded. The injunction informs defendant of whose products are involved and how in accordance with law defendant will be informed of any subsequent changes in plaintiff's fair trade program. The burden placed upon defendant is not so onerous as to render the injunction invalid. [Citation.]"

In the case before us the order additionally provides that attached thereto for Exhibit 1 is current schedule of fair trade prices for Tanqueray Gin and does have attached such schedule as a part of the order. The order for preliminary injunction reasonably informs the defendants of the acts restrained and also provides sufficient flexibility to meet the needs of a changing market. The order clearly advises defendants of the acts restrained. Here defendants are informed of the current market prices of a particular product, and the injunction order further informs them how, in accordance with law, they will be informed of any subsequent changes in plaintiff's fair trade program. (*Seagram-Distillers Corp. v. New Cut Rate Liquors*, 221 F.2d 815 (7th Cir. 1955); and *Paddington Corp. v. Westville Beverage Mart, supra.*) We accordingly hold that the order herein is sufficiently specific in terms and describes in reasonable detail the acts sought to be restrained within the requirements of section 3—1 of the Injunction Act.

■■ Defendants' final contention is that the injunction order failed to set forth the reasons for its issuance. We disagree. An examination of the order of January 5, 1973, reveals that it expressly sets forth that the court considered the verified complaint and specifically states, "* * *, and the Court being advised that defendant does not object to the entry of this order, * * *." The defendants advised that they did not object to the entry of the order then and there being presented for entry by the court restraining defendants from selling, offering for sale and advertising plaintiff's products contrary to prices stipulated in accordance with the Illinois Fair Trade Act. We must assume that defendants' prior counsel reviewed the order before its entry and did in fact advise the

court as set forth in the order. (*Sampson v. Village of Stickney* (1962), 24 Ill.2d 134, 139.) It appears therefrom that the reason for the issuance of the injunction was defendants' advisement of no objection. Such interpretation is reasonable and not inconsistent with a reading of the order.

■■ Furthermore, when the motion came on for hearing and the order for preliminary injunction was presented for entry by the court, it was incumbent upon defendants to then specifically object to the order and to call the attention of the court to any alleged ground or statute upon which such objection was based. (*Presbyterian Distribution Service v. Chicago National Bank* (1959), 21 Ill.App.2d 188, at 194.) Counsel are presumed to know the law. Defendants, on the contrary, in effect advised the court that they had reviewed the order and, at the very least, affirmatively indicated that they had no objection thereto. We are here presented with a situation where the defendants did not join in a consent order which was tendered to the court, nor did they approve the order as to form as is traditionally done by specific statement (and signature or initials) on the order. However, defendants did indirectly voice approval of the order by stating affirmatively that they had "no objection" to its entry. Such action constitutes more than more acquiescence in the entry of this order. Defendants thereby obviated and dispensed with the necessity of any further proceedings or requirements. Under the particular circumstances, we are of the opinion that this action by the defendants was tantamount to a waiver of the requirements of section 3—1 of the Injunction Act. (*Cf. Vermilion County Production Credit Ass'n v. Izzard* (1969), 111 Ill.App.2d 190, 195.) Waiver is the intentional relinquishment of a known right. (*Perlman v. First National Bank* (1973), 15 Ill. App.3d 784.) In the case before us the trial court entered this order in reliance upon defendants' statement. They may not now complain that no reason or insufficient reason is set forth in the order granting the preliminary injunction.

■■ The guidelines as to the form of an injunction order are not so inflexible as to preclude variation therefrom. The United States Supreme Court, in *Lawrence v. St. Louis-San Francisco Ry. Co.* (1927), 274 U.S. 588, 71 L.Ed. 1219, referred to United States Code of Laws, Title 28, § 383, and at page 591 held:

> "Although proper practice demands that the provision thus prescribed by Congress be scrupulously observed, disregard of the statutory requirement concerning the form of the order did not render the interlocutory decree void. [Citation.]"

Section 383 was the predecessor of what is now Rule 65(d) of the Federal Rule of Civil Procedure (28 U.S.C. Rule 65(d)) and is substantially similar thereto. Section 3—1 of the Illinois Injunction Act as

it relates to the contents and form of injunction orders is identical with Rule 65(d).

Defendants' affirmative statement of "no objection" whether viewed as a waiver of the statutory requirement of section 3—1, or viewed as a reason for the issuance of the preliminary injunction, leads us to conclude that the order of January 5, 1973, does not violate the requirements of section 3—1 of the Injunction Act.

Accordingly, the order of the trial court refusing to dissolve the order for preliminary injunction is affirmed. A motion to dismiss filed by plaintiff in this court was taken with the appeal. Since the appeal was decided on the same grounds, the motion is denied.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.