EDITH CAMERON, Plaintiff-Appellee, v. DAVID BARTELS, Defendant-Appellant.

Fourth District   No. 4—90—0854

Opinion filed May 30, 1991.

Phillip M. Kirby, of Mason City, for appellant.

Scott J. Butler, of Rushville, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The trial court entered a temporary restraining order (TRO) and a preliminary injunction against defendant, David Bartels, enjoining him from taking any further action regarding the removal of timber from land owned by plaintiff, Edith Cameron. Defendant appeals the injunction, and raises the following issues for our consideration: (1) whether the trial court abused its discretion in granting the preliminary injunction where the parties are cotenants in the "timber estate" and an adequate remedy of an accounting is available; (2) whether the trial court erred in granting the TRO without all of the necessary parties to the lawsuit being joined; (3) whether the order for injunctive relief must be reversed because it fails to comply with section 11–101 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 11–101); and (4) whether the TRO is supported by the evidence. We affirm the entry of the preliminary injunction.

We note at the outset that the defendant refers to the TRO *and* preliminary injunction in his arguments. Defendant appealed from the preliminary injunction entered on November 13, 1990. We will consider the arguments raised in relation to the preliminary injunction.

Before his death in October 1990, plaintiff's brother, Wayne Cameron, and plaintiff were coowners of real estate in Schuyler County, Illinois. Before his death, Wayne executed a "timber deed" with defendant whereby Wayne sold to defendant "all marketable timber logs" standing and growing on Wayne's Schuyler County real estate, together with the right, for a specified period of time, to enter upon said real estate for the purpose of cutting and removing said timber. Wayne died on October 25, 1990.

On October 31, 1990, plaintiff filed a petition for declaratory and injunctive relief, seeking (1) a judgment that the timber deed from Wayne to defendant was void and unenforceable, and (2) an order enjoining defendant from going onto plaintiff's property. In her petition, plaintiff alleged (1) her brother was under duress or mistake of fact when the timber deed was signed; (2) she did not sign the timber deed as cotenant; (3) defendant had entered her property to remove timber; and (4) such actions by defendant would cause irreparable damage to the real estate and constituted an illegal taking of plaintiff's property. A TRO was entered on November 1, 1990, without notice to defendant, and the court set November 13, 1990, as the date for a hearing on the request for a preliminary injunction. The TRO stated it would expire immediately following the hearing on November 13, 1990.

At the hearing on November 13, defendant testified he and Wayne entered into a timber deed contract on February 13, 1990, whereby defendant, for $10,000, was given all marketable timber logs on Wayne's property. Defendant testified he was sure plaintiff was aware he was cutting timber on her property before Wayne's death in October 1990. At the time of the hearing, defendant stated he had removed 18,000 board feet of timber pursuant to the timber deed and he estimated there were 150,000 to 200,000 board feet left on the whole property.

During closing arguments, defendant's counsel asked that the TRO be extended for a period of 10 days in lieu of a preliminary injunction. The court granted a preliminary injunction, entered the order on November 13, 1990, and set the matter for bench trial, November 29, 1990. In the transcript of the November 13 hearing, the court indicated it was also granting a TRO.

The parties do not dispute that plaintiff and Wayne were coowners of the property in question at the time the timber deed was signed. Each owned six-thirtieths of the property as joint tenants and an undivided nine-thirtieths interest as tenants in common. At Wayne's death, plaintiff inherited his nine-thirtieths interest by will and succeeded to his six-thirtieths interest as surviving joint tenant.

A preliminary injunction is a provisional remedy granted to preserve the status quo pending a hearing on the merits of the cause. (*Bryant v. Village of Sherman* (1990), 204 Ill. App. 3d 583, 561 N.E.2d 1320; *Lee/O'Keefe Insurance Agency, Inc. v. Ferega* (1987), 163 Ill. App. 3d 997, 516 N.E.2d 1313.) In order for a preliminary injunction to issue, the plaintiff must establish, by a preponderance of the evidence, that (1) he possesses a clearly ascertained right in need of protection; (2) he will suffer irreparable harm without the injunction; (3) there is no adequate remedy at law; and (4) he is likely to be successful on the merits of his cause. (*Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 387, 483 N.E.2d 1271, 1278.) An applicant for a preliminary injunction need not make out a case which will entitle him to the ultimate relief he seeks, but need only raise a fair question as to the existence of the right claimed, making it appear advisable that the positions of the parties should remain the same until the court has an opportunity to consider the case on its merits. (*Hoover v. Crippen* (1987), 151 Ill. App. 3d 864, 867, 503 N.E.2d 848, 851.) Once a protectable interest is established, irreparable injury is presumed if that interest is not protected. (*Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 389 N.E.2d 1300.) In addition to consideration of the above criteria, the trial

court must conclude that the benefits of granting the injunction outweigh the possible injury which a defendant might suffer as a result thereof. *Lee/O'Keefe*, 163 Ill. App. 3d at 1003, 516 N.E.2d at 1317.

■ The decision to grant or deny a preliminary injunction rests within the sound discretion of the trial court and will not be disturbed absent a showing of abuse. (*Kolstad v. Rankin* (1989), 179 Ill. App. 3d 1022, 534 N.E.2d 1373.) The reviewing court's role is limited to determining whether the court's findings are against the manifest weight of the evidence. *Bryant*, 204 Ill. App. 3d at 587, 561 N.E.2d at 1323; *Kolstad*, 179 Ill. App. 3d at 1031, 534 N.E.2d at 1379.

Initially, defendant contends the trial court erred in granting the injunction because he is a cotenant with plaintiff in the surface "estate" in the land, which includes the timber. Since cotenants are free to use and dispose of their interest in the property as long as the other cotenant is not excluded, injunctive relief is improper. Further, he argues plaintiff has an adequate remedy at law in an action for an accounting.

Plaintiff responds that standing timber is a part of the real estate, that inappropriate removal of timber is waste and the commission of waste by a party may be enjoined. Plaintiff contends defendant's actions amount to *exclusive* ownership over the timber, which can be enjoined.

The parties' arguments address the merits of their controversy by focusing on the legal effect of the so-called timber deed signed by defendant. We note that although designated a timber deed, the document was a written agreement. It was not a deed and was not acknowledged by the seller, Wayne Cameron.

■ An interlocutory appeal from an order granting a preliminary injunction does *not* bring the merits of the controversy before the reviewing court. (*Scholz v. Barbee* (1951), 344 Ill. App. 630, 101 N.E.2d 845, citing *McDougall Co. v. Woods* (1928), 247 Ill. App. 170.) As stated in *McDougall*:

> "The primary purpose of the statute [governing interlocutory appeals] is to permit a review of the exercise of the discretion lodged in the chancellor with the purpose of determining whether the interlocutory order probably was necessary to maintain the *status quo* and preserve the equitable rights of the parties." *McDougall*, 247 Ill. App. at 174.

■ An injunction may lie to protect a landowner or a person in possession of real estate. (*Stoffel v. Kilian* (1946), 329 Ill. App. 498, 69 N.E.2d 352; 43A C.J.S. *Injunctions* §73, at 77 (1978).) Specifically, an injunction will lie to restrain acts of trespass to real property,

which are continuous or constantly recurring, where irreparable injury will result unless they are restrained. (43A C.J.S. *Injunctions* §78, at 84-85 (1978); see also *McRaven v. Culley* (1927), 324 Ill. 451, 155 N.E. 282.) Further, the continuous cutting of timber may be a trespass of such character as will be enjoined. (43A C.J.S. *Injunctions* §79, at 87 (1978).) The basis of the jurisdiction to enjoin the continuous cutting of timber is that irreparable injury results from the destruction of the property right incident to an unauthorized cutting of timber so that pecuniary compensation in damages is not an adequate remedy at law. 43A C.J.S. *Injunctions* §79, at 88 (1978).

■■ We find the trial court acted within its discretion in enjoining defendant from continuing to cut timber on plaintiff's property. It is undisputed plaintiff is now the sole owner of the whole property and that plaintiff did not join with her brother in granting defendant any rights to the standing timber on the subject property. Plaintiff has clearly established a right needing protection, possible irreparable harm, and the inadequacy of her legal remedies. Further, plaintiff is likely to be successful on the merits, given that (1) she did not sign the timber deed, and (2) her brother's actions without her consent cannot bind or prejudicially affect her interest in her real property. *In re Marriage of Nicks* (1979), 80 Ill. App. 3d 838, 839, 400 N.E.2d 431, 432.

Defendant next argues the trial court erred in entering the order on November 13, 1990, when a necessary party to the lawsuit, the estate of Wayne Cameron (Estate), was not joined in the suit. Defendant contends the Estate is a necessary party because of plaintiff's allegations in the petition that her brother was under duress and mistake of fact when the timber deed was signed. Plaintiff contends defendant waived this issue because he did not raise it in the court below. Alternatively, plaintiff argues the Estate is not a necessary party to the suit which involves the rights of plaintiff and defendant in the timber estate. Plaintiff maintains the allegations of duress and mistake of fact in the petition were alternative arguments in support of injunctive relief, which plaintiff abandoned at the hearing. Further, plaintiff urges the Estate is not a necessary party because she shares the same interest as the Estate and is capable of protecting its interests. As stated, we will consider this argument as to the injunction.

■■ ■ Generally, all persons should be made parties who are legally or beneficially interested in the subject matter and result in a suit so that a complete decree may be made between them. (*Georgeoff v. Spencer* (1948), 400 Ill. 300, 302, 79 N.E.2d 596, 597.) It has been said that a "necessary party" is an individual or entity having a

present, substantial interest in the matter being litigated, and in whose absence a complete resolution of a matter in controversy cannot be achieved without affecting that interest. (*Village of Schaumburg v. Metropolitan Sanitary District* (1989), 186 Ill. App. 3d 69, 542 N.E.2d 119.) Objection to the omission of a necessary party may be made for the first time on appeal. (*National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110, 121, 336 N.E.2d 115, 124.) Joinder of necessary parties is required by section 2—406(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—406(a)) except where those who have not been joined share the same interest as some party appearing before the court and the party appearing before the court is able to protect the interests of those absent. *Borrowman v. Howland* (1983), 119 Ill. App. 3d 493, 500, 457 N.E.2d 103, 107.

■■ The Estate was not a necessary party in the proceedings below. The essence of this action is the cutting of timber by defendant on plaintiff's property. While at the time the timber deed was executed, plaintiff's brother, Wayne, was a coowner of the property, plaintiff inherited Wayne's interest and is now the sole owner of the property on which the timber stands. As to the six-thirtieths interest held in joint tenancy, the estate of Wayne Cameron has no interest. As to the nine-thirtieths interest held as tenants in common, there is an identity of interest between plaintiff and the Estate since plaintiff is the sole beneficiary under her brother's will. Thus, any findings or decree against defendant regarding the validity of the timber deed and defendant's subsequent actions and reliance on the deed will inure to the benefit of the plaintiff. There was no error in not joining the Estate as a party.

Defendant next argues the order for preliminary injunction must be reversed because it fails to comply with section 11—101 of the Code. Specifically, defendant contends the order does not set forth the reasons for its issuance and provides broader relief than was requested by plaintiff in her petition. Plaintiff maintains defendant waived this issue by not objecting to the form and substance of the order in the court below. Plaintiff also contends there is no merit to defendant's argument as to the scope of the order since the injunctive relief granted is actually *narrower* than that requested.

The preliminary injunction order entered is as follows:

> "This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction. The Court having heard evidence, and the parties appearing with counsel *** for Defendant and through counsel *** for Plaintiff, IT IS ORDERED THAT

(1) Defendant is enjoined and prohibited from taking any further action in regards to the removal of timber and is prohibited from entering upon any property in which Wayne Cameron had an interest during his lifetime located in Sections 16 and 21 in North part of Bainbridge Twp., Schuyler County, Illinois[,] and more fully described in the Court's Order of November 1, 1990 ***."

Section 11—101 of the Code provides in pertinent part:

"Every order granting an injunction and every restraining order *shall set forth the reasons for its entry*; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained ***." (Ill. Rev. Stat. 1989, ch. 110, par. 11—101.)

It has been held that the provisions in section 11—101 regarding specificity of acts enjoined are not mere technicalities which the courts may waive where the circumstances may indicate the equity of some other result. (*Streif v. Bovinette* (1980), 88 Ill. App. 3d 1079, 1084, 411 N.E.2d 341, 346.) Regarding the requirement that an injunction order set forth *the reasons for its issuance*, two courts have held the issue was waived in the reviewing court where no objection to the form of the order was raised in the trial court. (*Kobrand Corp. v. Foremost Sales Promotions, Inc.* (1972), 8 Ill. App. 3d 418, 421-22, 291 N.E.2d 61, 64; *Somerset Importers, Ltd. v. Gold Standard Liquors, Inc.* (1974), 18 Ill. App. 3d 39, 42, 309 N.E.2d 286, 289.) The *Somerset* court also noted the record there showed the defendants specifically indicated in the trial court they had no objection to the entry of the order. Another court held the failure to include the reasons for the issuance of the injunction in the order was reversible error. (*Hoda v. Hoda* (1970), 122 Ill. App. 2d 283, 289, 258 N.E.2d 386, 389.) Still, two other courts have held that failure to specify in the order the reasons for issuing an injunction was not fatal where the issues in the case were clear enough to apprise the opponent of the trial court's reasoning. *In re Marriage of Grauer* (1985), 133 Ill. App. 3d 1019, 479 N.E.2d 982; *Brooks v. La Salle National Bank* (1973), 11 Ill. App. 3d 791, 298 N.E.2d 262.

■ In the present case, plaintiff alleges defendant did not object in the trial court to the entry of the order. The order entered November 13, 1990, shows defendant's attorney approved the form of the order. The issues in this case were made clear at the hearing on November 13, 1990. We find the failure to include the reasons in the order

does not constitute reversible error. *Grauer*, 133 Ill. App. 3d 1019, 479 N.E.2d 982; *Brooks*, 11 Ill. App. 3d 791, 298 N.E.2d 262.

As to defendant's claim that the order is broader than the relief sought, we find no merit to this issue. The scope of a temporary injunction will depend on the nature of the case, the evidence presented in the hearing, and the relief sought. (*Eads Coal Co. v. United Mine Workers, District No. 12* (1971), 131 Ill. App. 2d 1082, 269 N.E.2d 359.) In her petition, plaintiff asked that defendant be enjoined "from taking *any further action in regards to the property.*" (Emphasis added.) In the order, the defendant was enjoined *"from taking any further action in regards to the removal of timber and is prohibited from entering upon any property in which Wayne Cameron had an interest during his lifetime located in \*\*\* Schuyler County, Illinois."* (Emphasis added.) It is clear the order prohibits two activities, while the request was for the prohibition of *any* activity regarding the plaintiff's property.

Finally, defendant argues plaintiff's pleadings were insufficient to support a claim for injunctive relief. Specifically, defendant argues plaintiff's allegations that Wayne was under duress or a mistake of fact when the deed was signed are not facts but conclusions which do not meet the Illinois requirement for fact pleading. Further, defendant contends plaintiff's petition alleges facts based on information and belief, which cannot support a preliminary injunction. Moreover, plaintiff failed to specifically allege irreparable damage if defendant is allowed to continue to take timber from her property.

Plaintiff maintains defendant has waived any issue on the sufficiency of the pleadings (1) by failing to raise any issues in the proceedings below, and (2) in his actions in asking the court below to extend the TRO in lieu of granting a preliminary injunction, so the parties could have more time to look into the matters raised.

We find defendant waived this issue. Section 2—612(c) of the Code provides: "All defects in pleadings, either in form or substance, not objected to in the trial court are waived." (Ill. Rev. Stat. 1989, ch. 110, par. 2—612(c).) Objections to pleadings may be waived by failure to urge the objection at the proper time and in the proper manner or by any act which, in legal contemplation, implies an intention to overlook it. (*Chimerofsky v. School District No. 63* (1970), 121 Ill. App. 2d 371, 257 N.E.2d 480.) No pleading is bad in substance if it reasonably informs the opposing party of the nature of the claim and any defects, in form or substance, are waived if not made in the trial court. (*Kravis v. Smith Marine Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417; *Christensen v. Wick Building Systems, Inc.* (1978), 64 Ill. App. 3d

908, 911, 381 N.E.2d 1189, 1191.) Only where a complaint, with all the intendments in its favor, wholly and absolutely fails to state a cause of action at all can an objection be made to it for the first time on appeal. *Pathman Construction Co. v. Hi-Way Electric Co.* (1978), 65 Ill. App. 3d 480, 382 N.E.2d 453.

Defendant does not allege plaintiff's petition wholly failed to state a cause of action for preliminary injunctive relief but merely points to defects in pleading. Defendant's failure to object below and his actions at the hearing constitute waiver of this issue.

For the foregoing reasons, the order for preliminary injunctive relief is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.